MATTI MATTISON'S CASE.

Suffolk.    October 5, 1939. — January 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Workmen's Compensation Act*, Impartial physician.

The mere fact that one, appointed an impartial physician under § 9 of the workmen's compensation act, had testified before the Industrial Accident Board in numerous other cases in behalf of insurers, did not require a ruling as a matter of law that he was not impartial where it appeared that he had never testified for, nor been employed by, the insurer which was a party to the case being heard.

That the claimant in proceedings under the workmen's compensation act contended that he was suffering from a post-traumatic anxiety neurosis following an original injury consisting of broken ribs, contusions, and abrasions, did not make improper the appointment of an orthopedic specialist as an impartial physician under § 9 of the act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board denying a motion that the report of one appointed an impartial physician be struck from the record, and discontinuing compensation.

The findings of the single member of the board as to the impartial physician were as follows: "Dr. James Warren Sever is an orthopedic specialist, who has testified before this board in numerous cases, on behalf of insurance companies, but, as is conceded by counsel for the employee, has never testified for nor been employed by the Employers' Liability Assurance Corporation, Ltd., the insurer in this case. He is on the established list of physicians employed for the purpose of making impartial examinations by this board."

A decree was entered by order of *Good*, J., in accordance with the decision of the board. The employee appealed.

*S. B. Horovitz*, (*B. A. Petkun & J. H. Klein* with him,) for the claimant.

*C. T. Sexton*, for the insurer, submitted a brief.

QUA, J. The principal question raised and argued is whether there was error in the denial by the board of the employee's motion to strike out the report of an "impartial physician," appointed under G. L. (Ter. Ed.) c. 152, § 9. The employee contends that the physician appointed was an "insurance doctor" and was not "impartial," as required by the act.

The findings of the single member, adopted by the board, were that the physician was an orthopedic specialist who had testified before the board in numerous cases on behalf of insurance companies, but had never testified for, nor been employed by, the insurer in this case; and that he was on the "established list" of physicians employed by the board for the purpose of making impartial examinations. There was no evidence requiring any further findings more favorable to the employee.

We agree with the argument of the employee that it is the duty of the board to exercise all possible care to appoint as impartial physicians under the act only such as are really impartial, and that every effort should be made to avoid the appearance as well as the fact of favoritism or sympathetic inclination toward one party as against the other. But plainly it cannot be ruled as matter of law that a physician is not impartial merely because he has testified in numerous cases in behalf of insurance companies, nor is his impartiality to be determined arithmetically by a count of the number of times he has testified for insurers as compared with the number of times he has been called by employees or plaintiffs. If the physician had been employed or consulted by the employee or by the insurer in respect to the injury in question he would have been disqualified. *Korobchuk's Case*, 277 Mass. 534, 537. *Latorre's Case*, 302 Mass. 24, 26. If he had been habitually employed or consulted by this employee or this insurer in respect to other matters than the injury here involved, at least a question would have arisen very different from that now presented. See *Thomajanian* v. *Odabshian*, 272 Mass. 19, 23, 24; *Beauregard* v. *Dailey*, 294 Mass. 315, 324, 325.

The fact that the physician was an orthopedic specialist rather than a neurologist did not disqualify him, even though the employee, whose original injury consisted of two broken ribs, contusions, and abrasions, caused by a fall, contended at the hearing that he was suffering from a "post-traumatic anxiety neurosis." There is no requirement that the impartial physician be a specialist in the particular departments of medicine in whose fields the employee may place his alleged incapacity at the time of the hearing.

In view of what has been said it will be unnecessary to deal with the requests for rulings in detail, even if we assume that they were seasonably presented.

The employee does not appear to have saved the point that one of the members of the reviewing board was disqualified by reason of having appointed the impartial physician and having in the first instance ordered compensa-

tion discontinued *ex parte* on the strength of that physician's report. *Thomajanian* v. *Odabshian*, 272 Mass. 19, 23. See G. L. (Ter. Ed.) c. 152, § 29, as last amended by St. 1937, c. 382; *Shershun's Case*, 286 Mass. 379. In any event there is nothing in the point. See *Dittemore* v. *Dickey*, 249 Mass. 95, 100; *Preston* v. *Peck*, 279 Mass. 16; *King* v. *Grace*, 293 Mass. 244, 247.

*Decree affirmed.*