Josh PIERCE, Plaintiff,

v.

**Th. BROVIG of Farsund, Norway, Defendant.**

United States District Court, S. D. New York.

Oct. 14, 1954.

Daniel A. Novok, New York City, for plaintiff.

Pyne, Lynch & Smith, New York City, for defendant.

DAWSON, District Judge.

Defendant moves under the "Rules of Civil Procedure 26 to 37 inclusive", for an order directing that plaintiff (1) appear before this Court for the taking of his oral deposition, and (2) that plaintiff appear before a physician appointed by the Court for a physical examination, at a time and a place to be set by this Court.

Plaintiff, a resident of the State of Georgia, was injured in the State of Georgia, but commenced suit in this District. Defendant seeks to examine plaintiff both on deposition and by a physical examination in this District.

Plaintiff does not oppose the relief sought, but seeks to have the examination take place in the State of Georgia where the plaintiff resides.

■ Defendant has not noticed the taking of plaintiff's deposition under Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A., as it should have, but has moved directly, as it might do under the procedure in the state courts, for an order.* This procedural deviation has produced an anomaly. The party seeking to take the deposition is, in effect, moving in advance for a determination of the place of the taking of the deposition, a curious juxtaposition of the parties.

Rule 30(b) allows the court to entertain an application for the relief requested after the deposition has been noticed. Defendant must first notice the taking of plaintiff's deposition under Rule 26 before this Court will act. Then, if plaintiff seeks a change in the place of the deposition, he may so move under Rule 30(b). I believe that the Court would direct that the deposition be taken in New York, since plaintiff has chosen this District as his forum.

■ The second part of defendant's motion is treated as a motion under Rule 35(a). Defendant may have plaintiff examined by a physician in this District. Plaintiff chose this District as his forum. See Anthony v. RKO Radio Pictures, D.C.S.D.N.Y.1948, 8 F.R.D. 422. Plaintiff offers no reason for his inability to come to New York other than the statement that he is financially and physically unable to do so. A Georgia forum would have offered a more convenient, speedier, and possibly less expensive forum. Plaintiff, however, chose to bring the action in this forum. Plaintiff cannot now complain that he should not be examined in this forum.

In order that the plaintiff may not be required to make an additional journey to New York, the medical examination of the plaintiff shall be held in abeyance until a determination shall have been made as to the time of plaintiff's oral deposition, and then shall be set for the same, or a consecutive, day.

■ Settle order on five days' notice, in accordance with the provisions of Rule 35(a). If the parties cannot agree on the physician to be selected, the Court will designate a physician.