ANDERSON LEWIS HELTON v. J. P. STEVENS COMPANY, INC., AND JOHN MARABLE.

(Filed 22 March, 1961.)

1. Bill of Discovery § 3—

Where plaintiff sues to recover for brain injury received in the accident in suit, the court has inherent and discretionary power to grant defendants' application for order requiring plaintiff to submit to an examination by a specialist to obtain evidence as to the extent of plaintiff's injury, plaintiff having denied defendants' request for such medical information.

2. Same—

In granting defendants' application for an examination of plaintiff by an expert to determine the extent of plaintiff's brain injury, the court should make the selection of the expert independently of either party, and where the court selects the expert requested by the one and opposed by the other, the cause will be remanded.

APPEAL by plaintiff from *Craven, S.J.*, January 16, 1961 Term, GASTON Superior Court.

The plaintiff instituted this action to recover $75,000 for personal injuries alleged to have been the proximate result of defendants' actionable negligence. According to his allegations the plaintiff suffered severe brain injuries in a collision between his automobile and a "sleeping cab tractor" operated by the individual defendant as agent of the corporate defendant.

By answer the defendants denied their negligence and the plaintiff's injury. The defendants applied to the court for an order requiring the plaintiff to submit to a specifically designated neurologist for examination as to the nature and extent of the plaintiff's brain injury, request for such medical information having been denied. The court made the order as requested by the defendant. The plaintiff assigned error on two grounds: First, the lack of authority on the part of the court to order the plaintiff to submit to the examination; second, the selection of the neurologist nominated by the defendants. The plaintiff excepted and appealed.

*Dolley & Dubose, for petitioner, appellant.*
*Mullen, Holland & Cooke, for defendants, appellees.*

HIGGINS, J.   As a general rule, judges of trial courts have inherent power in their discretion to order physical examinations of the character here involved. The ends of justice, and the particular facts of each case, dictate the manner in which the court shall exercise the power. *Flythe v. Coach Co.*, 195 N.C. 777, 143 S.E. 865; 27 C.J.S., "Discovery," Sections 37 and 38; 17 Am. Jur., "Discovery and Inspection," Sec. 43. Under the facts as disclosed by the motion and the verified pleadings, the plaintiff's first assignment of error is not sustained. 51 A.L.R. 183; 108 A.L.R. 142.

The plaintiff's second assignment presents a procedural question. To make the examination, the court, over plaintiff's objection, designated the particular specialist suggested by the defendants in their motion. It goes without saying the exclusive duty to make the selection rests with the Court. Neither party should have advantage in the selection. "When the examination is compulsory, there is obvious propriety in the selection of the experts by the court rather than by one or both of the parties . . . The court, in making the order . . . and in designating the experts to execute it, is serving the interest of neither the defendant nor the plaintiff, but the ends of justice." 17 Am. Jur., "Discovery and Inspection," Sec. 45.

We are certain the learned trial judge did not intend to hold the scales unevenly between the parties when he selected the specialist requested by one and opposed by the other. It was the duty of the court to make the selection independently of the wishes of either. To the end that even appearances of favoritism may be removed, the order is modified and the cause is remanded for the court to select the specialist to execute its order for the examination. The defendants will pay the costs of this appeal.

Modified and affirmed.