451 P.2d 597

Daphene M. MARTIN and Claude Martin, her husband, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA; the Honorable Howard V. Peterson, Judge; Ronald A. Teffteller, and Maricopa County, a political subdivision of the State of Arizona, Respondents.

No. 9365.

Supreme Court of Arizona.

In Banc.

March 13, 1969.

Rehearing Denied April 15, 1969.

M. B. Moseley and Kenneth S. Scoville, by Leroy W. Hofmann, Phoenix, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Harry J. Cavanagh, Phoenix, for respondents.

McFARLAND, Justice.

This case is before us on a writ of certiorari for review of the appointment of a physician by the Honorable Howard V.

Peterson, Judge of the Superior Court of Maricopa County, State of Arizona, pursuant to Rule 35(a), Rules of Civil Procedure, 16 A.R.S., for a physical examination of the petitioner Daphene M. Martin.

The case arose out of an automobile collision which occurred in Phoenix, Arizona, on February 12, 1965, involving a vehicle owned by petitioners Daphene M. Martin and her husband Claude Martin, hereinafter referred to as the plaintiffs, and operated by Daphene Martin, and a vehicle owned by respondent Maricopa County and operated by respondent Ronald A. Teffteller, an employee of Maricopa County. Judge Peterson was assigned the case.

Counsel for respondents Teffteller and Maricopa County, hereinafter referred to as defendants, filed a motion for compulsory physical examination pursuant to Rule 35(a), Rules of Civil Procedure, 16 A.R.S., on March 7, 1968, requesting an order requiring the plaintiff Daphene M. Martin "to submit to a medical examination by Dr. Robert B. Gettig, and to any necessary laboratory tests or examinations incident thereto which in the opinion of said doctor are necessary to evaluate plaintiff's condition." This motion was supported by the affidavit of Harry J. Cavanagh, counsel for the defendants.

The plaintiffs opposed the motion and supported their opposition with the affidavit of their attorney Kenneth S. Scoville, which affidavit established that the examining physician requested by Mr. Cavanagh was in fact a client of Mr. Cavanagh's whom he had represented in Cause No. 166656 in the Superior Court of Maricopa County. Mr. Scoville's affidavit further offered to submit plaintiff Daphene M. Martin for examination by any oral surgeon other than Dr. Gettig, and for the convenience of the court listed the names of the oral surgeons in the City of Phoenix. Mr. Scoville's affidavit was not controverted.

Oral argument on the above mentioned motion was held before Judge Peterson on April 9, 1968, at which time the order was granted. Plaintiff filed a motion for rehearing which was set for hearing on July 11, 1968. After hearing arguments, Judge Peterson denied plaintiff's motion, stating:

"I am strongly inclined to honor the request of the defendant regarding these matters, under the circumstances such as we have here, but I just don't do it as a matter of course. I mean I am willing to listen to the various factors and facets which are involved in it, and consider all of them, some of which are the issue of prejudice, competency, availability, accessability of the party to submit to the examination."

Plaintiffs then petitioned this Court to review the action of Judge Peterson, requesting that we issue a writ of mandamus or in the alternative a writ of certiorari. Acting under authority of A.R.S. § 12–2001, we granted the petition for a writ of certiorari in order to review the alleged abuse of discretion. State ex rel. Ronan v. Superior Court, etc., 95 Ariz. 319, 390 P.2d 109; Caruso v. Superior Court etc., 100 Ariz. 167, 412 P.2d 463.

The question before this Court is: Did Judge Peterson abuse his discretion by granting defendants' motion for a compulsory physical examination pursuant to Rule 35(a), supra, when the physician directed to conduct the examination, Dr. Gettig, had once been a client of the defendants' attorney?

The answer will depend largely on the nature of the examination contemplated by Rule 35(a). Is the purpose of the rule primarily to aid the defense in actions of this nature, or is it intended primarily to aid the court in arriving more assuredly at the truth?

Rule 35(a) reads as follows:

"Order for examination. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the par-

ty to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

■ The question presented is one of first impression before this Court. It is well settled that the choice of the physician lies within the discretion of the court; and although some courts honor the moving party's nomination, the moving party does not have an absolute right of selection.

A leading case in which the interpretation of Rule 35(a) is involved is The Italia (Gitto v. Societa Anonima Di Navigazione, Genova), D.C., 27 F.Supp. 785 (1939). There the question was whether a defendant seeking a physical examination under Rule 35(a) of the Federal Rules of Civil Procedure has the privilege of naming his own physician.

The court in Italia recognized the court's power to determine which physician shall conduct the examination:

"It naturally rests within the discretion of the Court, to appoint the physician chosen by the defendant, if it is felt that the interests of justice will best be served in that manner. * * *"

But the court continued:

"* * * Here, however, the plaintiff has made strenuous objection to defendant's choice of physician. Under the circumstances, without reflecting in any manner upon the physician in question, it is best that another physician be appointed."

In the 1961 case of Helton v. J. P. Stevens Company, 254 N.C. 321, 118 S.E.2d 791, the Supreme Court of North Carolina held:

"It goes without saying the exclusive duty to make the selection rests with the court. Neither party should have advantage in the selection. 'When the examination is compulsory, there is obvious propriety in the selection of the expert by the court rather than by one or both of the parties * * *. The court, in

making the order * * * and in designating the experts to execute it, is serving the interests of neither the defendant nor the plaintiff, but the ends of justice.' "

The defendants have referred us to the case of Timpte v. District Court etc., 161 Colo. 309, 421 P.2d 728, in their response to plaintiffs' petition, which they cite as holding that the defendant had the right to select a physician subject to protective orders which the trial court might make. The court in the Timpte case said:

"* * * Moreover, the court may, upon a finding, sustained by a showing, of bias and prejudice, reject a particular physician and order the defendant to submit the names of other physicians."

In an Ohio Court of Appeals case, Adkins v. Eitel, 2 Ohio App.2d 46, 206 N.E.2d 573 (1965), the court's appointment of a particular doctor was held to be an abuse of discretion which affirmatively appeared from the record. The appellate court did not find an abuse of discretion solely from the fact that the plaintiff refused to be examined by the doctor, nor solely from the fact that the doctor was an acquaintance of the defendant's counsel or that his appointment was requested by defendant's counsel. The following was established at trial: Defendant's counsel and the doctor were neighbors, they owned a lawn mower together, and for about thirty-three years since defendant's counsel started practice, he had represented the doctor as his legal counsel. The court did not say that the existence of the foregoing relationships formed the basis for its decision. But the court held that the refusal of defendant's counsel to answer questions propounded to him on cross-examination concerning business relationships with the doctor, by claiming the attorney-client privilege, *prevented the trial court from basing its decision on all of the facts which the plaintiff in that case was entitled to have considered.* The Ohio Court of Appeals stated:

"It is our finding that the plaintiff was entitled to have these relationships

disclosed in order that they might be considered by the court. Of course the privilege of attorney-client relationship could be claimed, but if it is to be claimed * * * then the court cannot render a decision based upon all the facts which the plaintiff is entitled to have considered." 206 N.E.2d at p. 575.

We hold that the trial court should have made its determination only after an examination of the doctor or the introduction of other competent evidence as to whether the relationship with Mr. Cavanagh would render his examination less impartial than that intended by Rule 35(a). It is within the discretion of the trial court to appoint the physician chosen by the defendant if it is determined by the court that the interests of justice will best be served in that manner. When there is serious objection to the appointment of a physician, as in the instant case, the trial court has the duty of making such a determination from evidence introduced at a hearing. The defendant seeking a physical examination of a plaintiff has no absolute right to the choice of his own physician. In the instant case, the failure to adequately inquire into the nature and the effect of the relationship on the question of bias deprived the plaintiff of the extent of consideration to which she is entitled under Rule 35(a).

It lies within the discretion of the trial judge to make the selection, but the decision must not be in any way arbitrary; it must be the result of careful consideration so as not to give an unfair advantage to either side.

The order of the superior court granting the motion of defendant for a compulsory physical examination of the plaintiff, and directing that plaintiff submit to a physical examination before Dr. Robert B. Gettig, is vacated, and the case is remanded to the trial court for further procedure consistent with this decision.

UDALL, C. J., LOCKWOOD, V. C. J., STRUCKMEYER, and HAYS, JJ., concur.