**Donald Mack LIECHTY et ux., Plaintiffs,**

**v.**

**TERRILL TRUCKING COMPANY,
Defendant.**

**Civ. A. No. 1069.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 22, 1971.

Joe S. Bean, Winchester, Tenn., for plaintiffs.

Ben Kingree, III., Shelbyville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The defendant has moved the Court *ex parte* to order the plaintiff Mrs. Lietchy to submit to a mental examination by a psychiatrist and the plaintiff Mr. Lietchy to submit to a physical examination by a dermatologist. Rule 35(a), Federal Rules of Civil Procedure. Such rule requires that such an order "* * * may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties * * *". *Idem.*

The only notice the defendant appears to have given is by service of a copy of the motion upon "* * * adversary counsel of record by mailing to his usual business address. * * *" It would be error for this Court to grant an *ex parte* motion for such examinations. Lindsey v. Escude, La.App. (1965), 179 So.2d 505, 506.

The usual procedure for such examinations is by agreement of the party to be examined. Hardy v. Riser, D.C. Miss. (1970), 309 F.Supp. 1234, 1236 [1], n. 3. This is customarily accomplished by the stipulation of counsel for the parties, with Rule 35(a), *supra*, standing as a compulsory sanction that aids such stipulations.

It appears from the pleadings that the respective plaintiffs have claimed the mental and physical injuries under consideration, which "* * * places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. * * *" Schlagenhauf v. Holder (1964), 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152, 164 [18], (noted (1965), 32 Tenn.L.Rev. 317). Unless the plaintiff involved has a valid objection to the selection, the respective examinations should be conducted by physicians of the defendant's choosing.

Timpte v. District Court (1966), 161 Colo. 309, 421 P.2d 728, 729. However, the defendant has no absolute right to the choice of its own physicians. Martin v. Superior Court (1969), 104 Ariz. 268, 451 P.2d 597, 600. Of course, if the parties cannot agree on physicians to be selected, the Court will select them. Pierce v. Broviq, D.C.N.Y. (1954), 16 F.R.D. 569.

Defense counsel will contact plaintiffs' counsel and undertake to resolve this matter by stipulation, without prejudice to the defendant's right to reapply thereafter. If the Court is to make the selections, counsel will furnish the Court with names and addresses of psychiatrists and dermatologists in the area.