EMPLOYERS MUTUAL CASUALTY COMPANY, Relator,

v.

Honorable John STREET, Judge, 352nd District Court, Tarrant County, Texas, Respondent,

Abner L. Coxsey, Jr., Real Party In Interest.

No. 2–85–278–CV.

Court of Appeals of Texas, Fort Worth.

April 16, 1986.

Strasburger & Price, Mark M. Donheiser, Dallas, for relator.

Bernard J. Dolenz, Dallas, for respondent.

Before FENDER, C.J., and HILL and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

On Motion for Rehearing, relator contends that the two cases cited by this court in support of our holding that the defendant in a medical malpractice case does not have an absolute right to choose the examining physician under TEX.R. CIV.P. 167a are not on point. Relator contends that the cases do not interpret Federal Rule of Civil Procedure 35(a), from which the Texas Rule is adopted, and therefore, they are of limited value.

The first case of which relator complains is *Helton v. J.P. Stevens Company,* 254 N.E. 321, 118 S.E.2d 791 (1961). This case did not involve the interpretation of Federal Rule 35(a). However, this case is on point because it concerns the appointment of an examining physician. The court in *Helton* said:

The plaintiff's second assignment presents a procedural question. To make the examination, the court, over plaintiff's objection, designated the particular specialist suggested by the defendants in their motion. It goes without saying the exclusive duty to make the selection rests with the court. Neither party should have advantage in the selection. "When the examination is compulsory, there is obvious propriety in the selection of the experts by the court rather than by one or both of the parties.... The court, in making the order ... and in designating the experts to execute it, is serving the interest of neither the defendant nor the plaintiff, but the ends of justice." 17 AM.JUR., Discovery and Inspection, Sec. 45.

*Id.* at 792.

The second case which relator contends is not on point is *Basham v. R.H. Lowe, Inc.,* 176 Va. 485, 11 S.E.2d 638 (1940). This case also involved the selection of the examining physician. The court in *Basham* said:

While in some cases plaintiffs have been required to submit to examinations by physicians selected by the defendant, the better rule is that unless consent is given by the plaintiff, the court should, upon application of the defendant and after reasonable notice to the plaintiff, name some disinterested physician or physicians to make the examination. Wigmore on Evidence, 3d Ed., Vol. III, sec. 2220, pp. 206, 207. This was the conclusion reached by us in *Tugman v. Riverside & Dan River Cotton Mills,* 144 Va. 473, 495, 132 S.E. 179.

We are fortified in this view by the fact that section 64 of the Workmens' Compensation Act (Code 1936, sec. 1887 (64)), *supra,* authorizes the Commission, or any member thereof, upon the application of an interested party, to appoint a "disinterested and duly qualified physician or surgeon" to make a necessary medical examination of the "employee." The conclusion we have reached applies this statutory rule to an examination of a claimant who is not an employee.

. . . .

Applying these principles to the instant case we think that the Commission did not have the right, over the objection of the claimant, to require her to submit to a physical examination by physicians selected by the defendant. If an examination was necessary, it should have been

ordered to have been made by a physician who was selected by the Commission, and who was in that sense "disinterested" or impartial, and not by one selected by either party.

By what has been said we do not mean in any way to reflect upon the character of the physicians selected by the insurance carrier and who testified here. There is nothing to indicate that their testimony was in any way dishonest or unduly biased or prejudiced. But a physician selected, employed and paid by either the plaintiff or the defendant is not "disinterested" or impartial within the meaning here intended. *Mattison's Case*, Mass., [305 Mass. 91] 25 N.E.2d 157, 158.

*Id.* at 643.

While these cases do not interpret Federal Rule 35 which is identical to Texas Rule 167a, we hold that they are on point and relevant because they discuss the appointment of the examining physician so that he or she is "disinterested."

Relator contends that their interpretation of 167a is supported by the overwhelming majority of cases dealing with physical examinations under Rule 35(a) of the Federal Rules of Civil Procedure. One such case cited by relator is *Liechty v. Terrill Trucking Company*, 53 F.R.D. 590 (E.D. Tenn. 1971). *Liechty* involved the interpretation of Federal Rule 35(a). The court in *Liechty* said:

> The usual procedure for such examinations is by agreement of the party to be examined. *Hardy v. Riser*, D.C.Miss. (1970), 309 F.Supp. 1234, 1236 [1], n. 3. This is customarily accomplished by the stipulation of counsel for the parties, with Rule 35(a), *supra*, standing as a compulsory sanction that aids such stipulations.
>
> It appears from the pleadings that the respective plaintiffs have claimed the mental and physical injuries under consideration, which "... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine

the existence and extent of such asserted injury. ..." *Schlagenhauf v. Holder* (1964), 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152, 164 [18], (noted (1965), 32 Tenn.L.Rev. 317). Unless the plaintiff involved has a valid objection to the selection, the respective examinations should be conducted by physicians of the defendant's choosing. *Timpte v. District Court* (1966), 161 Colo. 309, 421 P.2d 728, 729. However, *the defendant has no absolute right to the choice of its own physicians. Martin v. Superior Court* (1969), 104 Ariz. 268, 451 P.2d 597, 600. *Of course, if the parties cannot agree on physicians to be selected, the Court will select them.* Pierce v. Brovig, D.C.N.Y. (1954), 16 F.R.D. 569.

*Id.* at 591 (emphasis ours).

*Liechty* supports our holding that the defendant has no absolute right to the choice of his own physician. *See also Carnine v. Tibbetts*, 158 Or. 21, 74 P.2d 974 (1937). (If plaintiff has any objection to being examined by the doctor suggested by defendant, court should designate some physician indifferent between the parties.); *Stuart v. Burford*, 42 F.R.D. 591 (N.D. Okla.1967) (no absolute right of defendant to the choice of a doctor is expressed in Rule 35).

■ Relator next contends that respondent abused his discretion in ignoring the "undisputed necessity" for an examination by a certified medical toxicologist. Relator contends that Coxsey, the real party in interest, did not present any evidence on this point and did not argue before the trial court that a certified medical toxicologist was not needed. Pages 22–23 of the record show that relator was not as insistent before the trial court as he is now concerning the need for a certified medical toxicologist. The record shows that the following discourse occurred:

> THE COURT: Well, that is all the Court is concerned with is just to get a competent doctor who doesn't have any ax to grind on either side of this.

MR. RAMBIN (attorney for relator): Your Honor, may I just quickly address that?

THE COURT: Yes.

MR. RAMBIN: Number one, Your Honor, we feel that Dr. Kirk or in the alternative subject to that Dr. Busby are physicians of that nature.

They don't have any ax to grind in this lawsuit.

Our recommendation of Dr. Kirk was basically because he was the only certified medical toxicologist in this area, and he seemed to have a better background to evaluate whether these allegations are accurate or not, not because of any bias or interest he would have in it.

Then we went to Dr. Busby because of the preliminary ruling that the Court wanted someone from Tarrant County.

The record also reflects that the following occured:

MR. DOLENZ (attorney for the real party in interest): Judge, much has been made about a certified toxicologist.

Internal Board men are aware of heavy metal poisoning and they treat heavy metal poisoning in their usual course of diagnosis and treatment of patients.

I don't think that a certified toxicologist has to be an issue here, although it does happen that Dr. Herman Rose is an expert in toxicology. He was involved with the American—

THE COURT: Well, I will let y'all know in the next couple of days.

We find that the real party in interest did argue before the trial court that a certified medical toxicologist was not needed.

Relator contends that if this had been a summary judgment proceeding, relator would have been entitled to judgment on this factual issue of whether a certified medical toxicologist was required. Relator contends that the undisputed facts presented to respondent show that an examination by a certified medical toxicologist was required. We find relator's argument unconvincing. If this had been a summary judgment proceeding, the real party in interest would have been entitled to submit controverting affidavits on the issue.

This was not a summary judgment proceeding. Respondent heard argument from both sides concerning whether a certified medical toxicologist was required. The real party in interest argued that one was not needed. We find that respondent did not abuse his discretion in appointing a non-board certified physician.

Relator next contends that their discovery is limited by respondent's order appointing the examining physician because our holding ignores the argument that Dr. McGowen cannot be presumed to have the necessary expertise. We hold that Dr. McGowen's qualifications are, of course, discoverable and relator may present his arguments concerning this once discovery has been conducted.

Relator also contends that they sought and were denied the opportunity to contact Dr. McGowen, the physician appointed by respondent. Apparently, relator contends that they were denied permission to contact Dr. McGowen because they filed a motion for permission to contact him which was never ruled on by the court.

■ We hold that relator was never denied the opportunity to contact Dr. McGowen. Under Rule 166b of the Texas Rules of Civil Procedure relator was entitled to contact Dr. McGowen, an expert who may be called as a witness in the trial, and they were entitled to discover the subject matter on which he was expected to testify, his mental impressions and opinions and the facts known to him which relate to or form the basis of mental impressions and opinions held by him. *See* TEX.R.CIV.P. 166b. If the trial court had issued an order denying relator the right to interview Dr. McGowen, perhaps then they would have reason to complain. By this time, relator has had time to proceed under the discovery rules contained in the Texas Rules of Civil Procedure and to contact Dr. McGowen.

We find no clear abuse of discretion. Relator's motion for rehearing is overruled.