**SHERWOOD LANE ASSOCIATES d/b/a the Hillery Apartments and L & L Management, Relators,**

v.

**The Honorable Jack O'NEILL, Judge of the 152nd District Court of Harris County, Texas, Respondent.**

No. 01–89–00720–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 2, 1990.

Rehearing Denied Jan. 18, 1990.

Patricia J. Kerrigan, Fulbright & Jaworski, Houston, for relators.

Byron Lee, Coats, Yale, Holm & Lee, P.C., Eileen Fowler, Houston, for respondent.

Before SAM BASS, DUNN and O'CONNOR, JJ.

Original Proceeding on Petition for Writ of Mandamus

SAM BASS, Justice.

Relators, Sherwood Lane Associates d/b/a The Hillery Apartments (Sherwood Lane) and L & L Management (L & L),[1] seek a writ of mandamus vacating an order denying relators' motion for independent psychiatric examination and compelling respondent, the Honorable Jack O'Neill, to enter an order requiring the minor real party in interest to submit to a complete psychiatric examination by Charles B. Covert, M.D. The minor real party in interest and her mother filed a premises liability suit against relators alleging that, on September 12, 1987, the minor, at the age of 11, was sexually assaulted in a vacant unit at relators' apartment complex.

On February 2, 1988, the minor began psychotherapy with psychologist Lorraine E. Breckenridge, Ph.D., to alleviate the effects of the assault. Breckenridge's treatment ended on May 9, 1988. On January 4, 1989, the minor resumed psychotherapy with a different psychologist, Karen Strup, Ph.D. On April 10, 1989, the minor's attorney advised relators' counsel that Strup had recommended that the minor be admitted to a psychiatric hospital for one month. The real parties in interest designated Breckenridge and Strup as expert witnesses. During discovery, relator obtained Breckenridge's notes from sessions with

---

1. In the trial court, L & L joined Sherwood Lane's motion for an independent psychiatric examination. In a separate order, this Court granted L & L's motion for leave to join and adopt Sherwood Lane's petition for writ of mandamus.

the minor, but could not obtain Strup's.[2] Sherwood Lane then consulted Charles B. Covert, M.D., a psychiatrist, and provided him with the minor's records, without Strup's notes and deposition.

Sherwood Lane filed a motion for an independent psychiatric evaluation of the minor by Covert. Relator alleged that the mental condition of the minor is in controversy and that good cause for the examination was Breckenridge's termination of the minor's treatment and Strup's recommendation that the minor be hospitalized. On April 24, 1989, the respondent denied Sherwood Lane's motion.

On May 4, 1989, Sherwood Lane filed a motion for reconsideration of its motion for an independent psychiatric evaluation of the minor, which L & L joined. Sherwood Lane also filed an affidavit by Covert stating that the minor would not be harmed by his examination. The respondent conducted a hearing wherein the minor's attorney testified that when the minor again began having difficulties he referred her to Strup because Breckenridge was on maternity leave. On May 31, 1989, respondent denied relators' motion for reconsideration in a written order.

Relators contend that respondent clearly abused his discretion in overruling the motion for an independent psychiatric examination.

Tex.R.Civ.P. 167a provides:

When the mental ... condition ... of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination, the person in his custody or legal control. The order may be made only on motion for good cause shown....

Relators assert that they met the requirements set out in *Coates v. Whittington,* 758 S.W.2d 749 (Tex.1988), and are entitled

to have their expert conduct an independent psychiatric evaluation. In *Coates,* the supreme court reviewed the propriety of the *granting* of an independent mental examination when the plaintiff claimed mental *anguish* damages and set out the applicable test:

Rule 167a, by its express language, places an affirmative burden on the movant to meet a two pronged test: (1) the movant must show that the party's mental condition is "in controversy"; and (2) the movant must demonstrate that there is "good cause" for a compulsory mental examination. In the absence of an affirmative showing of both prongs of the test, a trial court may not order an examination pursuant to Rule 167a.

758 S.W.2d at 751. We are aware of no authority that requires a trial judge to order an independent examination if a party satisfies the test in *Coates.* Thus, we must determine whether an independent examination is permissible under *Coates,* and, if so, whether the respondent abused his discretion by refusing to order an exam.

■ The record shows that relators satisfied the first prong of the test by showing that the minor's mental condition is "in controversy." "A routine allegation of mental anguish or emotional distress does not place the party's mental condition in controversy. The plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss." *Coates,* 758 S.W.2d at 753. Relators attached exhibits to their petition showing that the minor has undergone psychotherapy, and according to her second psychologist, requires hospitalization for one month. The minor's attorney has made demand upon relators for the costs of this hospitalization. The minor also seeks, in her original petition, damages for extreme mental depression. Clearly, the minor is asserting a mental *injury* that places her mental condition "in controversy." *Id.*

The record also reflects "good cause" for the examination.

---

**2.** The discoverability of Strup's notes and written report containing her opinions is not raised

in relators' petition as a basis for mandamus relief.

The requirement of good cause for a compulsory mental examination may be satisfied only when the movant satisfies three elements. First, that an examination is relevant to issues that are genuinely in controversy in the case. It must be shown that the requested examination will produce, or is likely to lead to, evidence of relevance to the case. *See Schlagenhauf [v. Holder]*, 379 U.S. [104] at 117–18, 85 S.Ct. [234] at 242–43 [13 L.Ed.2d 152 (1964)]. Second, a party must show a reasonable nexus between the condition in controversy and the examination sought.... Finally, a movant must demonstrate that it is not possible to obtain the desired information through means that are less intrusive than a compelled examination.... The movant must demonstrate that the information sought is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person he seeks to have examined.... If, however, a plaintiff intends to use expert medical testimony to prove his or her alleged mental condition, that condition is placed in controversy and the defendant would have good cause for an examination under Rule 167a.

*Coates*, 758 S.W.2d at 753. In her supplemental answers to interrogatories, the minor has designated Dr. Breckenridge and Dr. Strup as expert witnesses to prove the minor's mental condition. Accordingly, good cause exists for an independent mental examination. *Id.; see also Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ("[a] plaintiff in a negligence action who asserts mental ... injury ... places that mental ... injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury") (citation omitted).

■ We must next determine whether the respondent abused his discretion in refusing to order an independent mental exam. "A clear abuse of discretion exists when the court's decision is contrary to the

one compelled by the facts and circumstances, thereby actually extinguishing any discretion in the matter," *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1985), or is arbitrary, or is unreasonable, or is reached without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The facts and circumstances compel a decision contrary to the one reached by respondent. *Johnson*, 700 S.W.2d at 917–18. The minor has already been examined by her expert witnesses. Unless relators are allowed the requested relief, their expert's analysis will be limited to a review of the minor's records and the testimony of the minor's psychologists. Relators' expert would be precluded from examining matters not covered by the minor's psychologists' examinations and would be precluded from making his own observations. The trial court's action severely restricts relators' opportunity to discover facts that may contradict the opinions of the minor's expert witnesses. In turn, such restriction severely limits relators' ability to contest the minor's claim for mental injury damages.

The ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984). Fundamental fairness dictates that relators' psychiatrist be allowed to examine the minor; otherwise, relators will be at a severe disadvantage in the "battle of experts." *See Postell v. Amana Refrigeration, Inc.*, 87 F.R.D. 706 (N.D.Ga.1980).

Accordingly, the petition for writ of mandamus is conditionally granted. It will issue only if the respondent fails to vacate his previous order denying the examination by Covert and fails to enter an order granting such examination.

DUNN, Justice, concurring.

I concur in the result. The majority opinion, however, implies that the respon-

**946**

dent had no discretion to appoint an expert other than Covert. Under Tex.R.Civ.P. 167a, the relator does not have an absolute right to a physician of his own choosing. *Employees Mut. Casualty Co. v. Street*, 707 S.W.2d 277, 279 (Tex.App.—Fort Worth 1986, orig. proceeding). However, unless a party has a valid objection to the opposing party's selection, the examination should be conducted by physicians of the opposing party's choosing. *Id.* (quoting *Liechty v. Terrill Trucking Co.*, 53 F.R.D. 590, 591 (E.D.Tenn.1971)). If there is a valid objection, the trial court has discretion to appoint a physician "indifferent between the parties." *Id.*

In the case before this Court, the respondent, as evidenced by his question concerning whether the treating psychologists are female, was concerned that the minor might be traumatized by a male psychiatrist's exam. However, the minor introduced no evidence showing that Covert was not qualified or that the minor would be harmed by an examination by a male. The minor's attorney merely testified that Covert was a conservative "defense doctor." There was no evidence showing that the minor's objection to Covert was valid. Thus, the respondent abused his discretion in refusing to grant an independent exam.

Moreover, if the respondent concluded that Covert should not conduct the exam, this did not justify a denial of the examination altogether. The respondent could have granted an exam and appointed an expert "indifferent to the parties." *Employees Mut. Casualty*, 707 S.W.2d at 279.