ACCEPTED
01-15-00450-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 9:54:53 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00450-CV

IN THE

FIRST COURT OF APPEALS

at Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/29/2015 9:54:53 AM

CHRISTOPHER A. PRINE
Clerk

IN RE RELIABLE COMMERCIAL ROOFING SERVICES, INC.,

Relator

From the 125th District Court of
Harris County, Texas

---

## RELATOR'S REPLY TO REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

RAMSEY & MURRAY, P.C.

Mark Ramsey
Texas Bar No. 16521700
Wayne Walters
Texas Bar No. 24029333
800 Gessner, Suite 250
Houston, Texas 77024-4239
Tel. 713/613-5400
Fax 713/613-5414

ATTORNEYS FOR RELATOR,
RELIABLE COMMERCIAL
ROOFING
SERVICES, INC.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................... 3

ARGUMENT ....................................................................................... 4

PRAYER ........................................................................................... 10

CERTIFICATION ............................................................................. 11

CERTIFICATE OF SERVICE ........................................................... 12

CERTIFICATE OF COMPLIANCE.................................................... 12

# INDEX OF AUTHORITIES

<u>RULES OF CIVIL PROCEDURE</u>

TEX. R. CIV. P. 204 ...................................................................................8,9,10

<u>CASES</u>

*In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 866 (Tex. App.—Dallas 2014, orig. proceeding) ....................................................................... 5,8,9,10

*In re Transwestern Publishing Company, L.L.C.*, 96 S.W.3rd 501 (Tex.App.—Fort Worth 2002, orig. proceeding)..........................................................8,9

*In the interest of N.R.C. and L.A.C.*, 94 S.W.3d 799 (Tex.App.—Houston [14th Dist.] 2002, pet.denied).....................................................................10

*Sherwood Lane Assoc. v. O'Neill*, 782 S.W.2d 942 (Tex. App. – Houston [1st Dist.] 1990, orig. proceeding) ................................................................4,5,6

No. _____

IN RE RELIABLE COMMERCIAL ROOFING SERVICES, INC.,

Relator

RELATOR'S REPLY TO REAL PARTY IN INTEREST'S RESPONSE TO
PETITION FOR WRIT OF MANDAMUS

## I. INTRODUCTION

Relator, RELIABLE COMMERCIAL ROOFING SERVICES, INC.
("Reliable"), submits this reply to the response filed by Kenneth Presson, the Real
Party in Interest ("Presson"), to Reliable's petition for writ of mandamus pending
before the Court.

## II. ARGUMENT

### A. Fundamental Fairness and the Right to Discovery

Presson argues in his Response that, because the treating physicians he
identified "might" be asked to testify at trial, but have not yet been retained as
experts, the "fundamental fairness" doctrine proposed by this Court in the
*Sherwood Lane* decision somehow does not apply to Reliable's request for a
medical exam. In *Sherwood Lane*, this Court stated as follows:

> The movant must demonstrate that the information sought [through
> the exam] is required to obtain a fair trial and therefore necessitates
> intrusion upon the privacy of the person he seeks to have
> examined…If, however, a plaintiff intends to use expert medical
> testimony to prove his or her alleged…condition, that condition is
> placed in controversy and the defendant would have good cause for an
> examination…

*Sherwood Lane Assoc. v. O'Neill*, 782 S.W.2d 942, 945 (Tex. App. – Houston [1st Dist.] 1990, orig. proceeding). Presson does not state in his response that he has no intention to use expert medical testimony to prove his condition. Without a doubt this is Presson's intention. Because Presson clearly *intends* to use expert medical testimony to prove his alleged condition, Reliable has good cause for its requested medical exam under *Sherwood Lane*.

The trial court's action in denying the motion for medical examination severely restricts Reliable's opportunity to discovery facts that may contradict those of the Plaintiff's treating physicians. *See Id.* Importantly, as this Court has previously held:

> The ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed.…Fundamental fairness dictates that relators' [physician] be allowed to examine the [plaintiff]; otherwise, relators will be at a severe disadvantage in the "battle of experts."

*Id.* Stated another way by another court in considering an exam request: "A denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense." *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863-64 (Tex. App.—Dallas 2014).

### B. Trial Court's Ruling

Presson further argues in his Response that the trial court made a *factual finding* that Reliable did not meet its burden of showing good cause, thus denying

Reliable's request for a medical exam. However, the *basis* for the trial court's erroneous ruling is nowhere in the record and there is no indication of any factual finding by the trial court with regard to Reliable's request for medical exam. [*See* Tabs E and H to Reliable's Petition.] It must be presumed that the trial court based its decision on Presson's "less intrusive means" argument, because this is the only argument asserted in Presson's responses at the trial court level. [*See* Tabs D and G to Reliable's Petition.] The trial court abused its discretion because, despite Reliable's showing of good cause under controlling case law, the trial court arbitrarily and erroneously denied its request for a medical exam.

### C. Relevant Examination, Nexus Between Exam and Condition

Presson further argues in his Response that Reliable's argument in this mandamus proceeding is somehow deficient because its briefing does not show that the requested examination will lead to relevant information or that there is a nexus between a condition Presson asserts and the examination Reliable seeks. This argument is disingenuous at best, given the timing of the argument at this stage of the proceeding when it was not made by Presson at the trial court level.

Reliable's Motion for Medical Examination at the trial court level clearly addresses the "relevance" and "nexus" elements. [*See* Tab C to Reliable's Petition.] However, Presson did not argue (in responding to either Reliable's motion for medical exam or Reliable's motion for reconsideration) that either the

relevancy of the exam or the nexus between the exam and Presson's condition(s) was in issue. [*See* Tabs D and G to Reliable's Petition.] As stated previously, Presson's argument in opposition to the requested exam was limited to the "less intrusive means" argument.

### D. Potentially "Favorable" Information Available from Treating Providers Does not Preclude Exam

Presson further argues in his Response that Reliable's request for a medical exam is somehow weakened by the fact that there may be some information in Presson's medical records which "Reliable could well find favorable and use at trial." No authority was cited and no authority exists to support this argument. Along the same lines, Presson also argues that, because "favorable" information may be found in the medical records, "[t]here is no reason to compel Mr. Presson to undergo additional exams so as to obtain what could be the exact same testimony." This argument presumes that Presson knows the results of the examination before it is performed. However, if the requested medical exam were to be conducted, such an exam may result in information that Presson could also "well find favorable and use at trial." Again, this argument is presented by Presson without any legal authority to support it.

To the extent that the opinions of the treating medical providers identified as "potential" testifying experts may be found to undermine Presson's claims, this would have no bearing on whether Reliable is entitled to the requested medical

7

exam. As suggested in Presson's response, one such treating provider, psychologist Dr. Francisco Perez, has opinions which may tend to "undermine" Presson's claims. This suggestion might be more meaningful if Reliable had requested an examination by a psychologist. In that scenario, it might be valid for Presson to argue that Reliable has access to the "favorable" results of a psychological exam and, therefore, should not be entitled to another psychological exam. However, Reliable has requested a neurological examination to be performed by neurologist Raymond Martin, M.D. Dr. Martin can opine as to the physical injury to Mr. Presson's head *and* the effects of that injury, whereas Dr. Perez, a Ph.D. psychologist is unqualified to give an opinion as to the physical injury or the physical impairment alleged by Presson in this lawsuit.

## E. Application of Rule 167a versus Rule 204.1

Presson further argues that there is a meaningful distinction between the language of former Rule 167a and the current Rule 204.1 in how courts should consider the "good cause" requirement in requests for medical exams. Presson seems to assert that Rule 204.1 has a more stringent requirement for courts to analyze and apply the "good cause" requirement. Presson references *Transwestern* and *Ten Hagen* (notably, Fort Worth and Dallas cases, respectively), both of which involved requests for exams under the current Rule 204.1, ostensibly to show that the Plaintiff's use (or intended use) of medical experts is insufficient

8

under Rule 204.1 to show good cause, absent satisfaction of the three-part "good cause" test.

Here, it is important to reiterate that the only "good cause" element challenged by Presson in the trial court pleadings is the "less intrusive means" element. Further, as set forth in Reliable's Petition, *Transwestern* and *Ten Hagen*, both *support* Reliable's position. In *Transwestern,* the Fort Worth Court of Appeals found that the information sought by way of the requested exam could not be obtained by less intrusive means because, absent the exam, the defendant's experts would be limited to a review of the plaintiff's records and the testimony of the plaintiff's experts. *In re Transwestern Publishing Company, L.L.C*., 96 S.W.3rd 501, 508 (Tex.App.—Fort Worth 2002, orig. proceeding).

In *Ten Hagen*, the court considered all three elements of the "good cause" test and found that good cause existed to allow the requested exam. Notably, the court considered the "less intrusive means" element and found that, although there are "a number of avenues that could…potentially provide less intrusive means for obtaining medical information without an examination…[t]he adequacy of these measures must still be evaluated in light of the fair trial standard." *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 869-70 (Tex. App.—Dallas 2014). That court went on to state:

> In general, and particularly where the intended examination is not intrusive, invasive or unnecessarily physically uncomfortable, parties

are permitted to explore matters not covered by the opposing party's examinations, make their own observations, and attempt to discover facts that may contradict the opinions of the opposing party's expert witnesses.

*Id*. at 870

As is also set forth in Reliable's Petition, the 14th Court of appeals in Houston (applying Rule 204.1) held that a trial court abused its discretion in denying a motion for an independent psychological examination, finding that "good cause for a psychological examination is established where the petitioner intends to use expert medical testimony to prove a fact in controversy." *In the interest of N.R.C. and L.A.C.*, 94 S.W.3d 799, 815 (Tex.App.—Houston [14[th] Dist.] 2002, pet. denied). It does not appear that this Houston court decision was considered in Presson's Response.

PRAYER

For these reasons and as set forth more fully in Relator's Petition for Writ of Mandamus, Relator asks that the Court issue a writ of mandamus directing Judge Carter to vacate his orders of February 27 and May 5, 2015 and to enter an order granting Relator's Motion for Medical Examination of the Plaintiff.

Respectfully submitted,

**RAMSEY & MURRAY, P.C.**

By:_____
      Mark Ramsey
      SBOT No. 16521700
      Wayne Walters
      SBOT No. 24029333
      800 Gessner, Suite 250
      Houston, Texas 77024
      Phone: (713) 613-5400
      Fax: (713) 613-5414
      **Attorneys for Relator,**
      **RELIABLE COMMERCIAL**
      **ROOFING ERVICES, INC.**

## CERTIFICATION

I certify that I have reviewed the petition and have concluded that every factual statement made in the petition is supported by competent evidence included in the appendix to the Petition for Writ of Mandamus or in the record.

_____
Wayne Walters

11

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 1556 words, as determined by the computer software's word-count function, excluding the sections of the document listed in TRAP 9.4(i)(1).

_____
Wayne Walters

## CERTIFICATE OF SERVICE

I certify that, on the 29th day of June, 2015, I served electronically and/or by certified mail, return receipt requested, a copy of this document on the following parties:

a.   Kurt B. Arnold, Caj D. Boatright and Cesar Tavares, ARNOLD & UITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007.

b.   The Honorable Kyle Carter, Judge of the 125th District Court of Harris County, Texas, 201 Caroline, 10th Floor, Houston, Texas 77002

_____
Wayne Walters