# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00671-CV

### In re April Sharaf f/k/a April Sanders

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

### M E M O R A N D U M   O P I N I O N

In this original proceeding, Relator April Sharaf a/k/a April Sanders, the plaintiff in the underlying proceeding, seeks mandamus relief from the trial court's order requiring her to submit to an independent mental examination. *See* Tex. R. Civ. P. 204.1 (addressing procedure to compel party to submit to mental or physical examination). This Court stayed the challenged order and requested a response from real parties in interest on or before November 2, 2018. *See* Tex. R. App. P. 52.4 (prohibiting court from granting relief, except temporary relief, before response has been filed or deadline for response has passed). Real party in interest Liberty Mutual Group, Inc., filed a response in opposition to Sanders's petition for mandamus relief.[1]

For the following reasons, we lift the stay of the challenged order and deny Sanders's petition to the extent that she seeks mandamus relief from the portion of the order requiring her to submit to an independent mental examination. We, however, conditionally grant her petition to the

---

[1] Liberty Mutual also filed an emergency motion requesting a stay of the entire underlying proceeding pending this Court's resolution of this original proceeding. We dismiss this motion as moot.

extent that she seeks mandamus relief on the ground that the order does not properly specify the "manner, conditions, and scope of the examination." *See id.* R. 204.1(d) (setting forth requirements of order compelling party to submit to mental or physical examination).

**Background**

In the underlying proceeding, Sanders, who is a former employee of Liberty Mutual, sued Liberty Mutual and its employee Michael Todd West. Sanders's claims against Liberty Mutual are for unlawful employment practices stemming from alleged sexual harassment by West, hostile work environment, and constructive termination of her employment. Her claims against West are for assault and intentional infliction of emotional distress, and she seeks to hold Liberty Mutual legally responsible for West's actions through the doctrines of respondeat superior, vicarious liability, and imputed liability. She also seeks damages for mental anguish and alleges that she has "suffered anxiety and panic attacks" and "severe emotional distress."

Asserting that Sanders had placed her mental condition in controversy and that good cause existed, Liberty Mutual filed a motion to compel her to submit to an independent mental examination under the direction of Liberty Mutual's retained expert, Christopher B. Ticknor, M.D. Liberty Mutual requested that Dr. Ticknor "have the same opportunity to examine" Sanders as her mental health expert had. According to Liberty Mutual, Sanders designated her mental health expert, who is a clinical psychologist and neuropsychologist, to testify regarding her mental anguish damages "in large part [based] upon his examination and testing of [Sanders]."

Sanders filed a response to the motion to compel mental examination. She did not dispute that her mental condition was in controversy, but she argued that Liberty Mutual had not

2

shown "good cause" because it had failed to show what information it was seeking or why the information was not available through other less intrusive forms of discovery. According to Sanders, Liberty Mutual had "already been provided with all of [her] relevant medical and mental health records, including the raw test data relied upon by her own mental health expert." She also attached an affidavit from her expert to her response. In the affidavit, the expert described the testing that he had conducted on Sanders and the "raw data" from that testing that he had supplied to Dr. Ticknor.

Following a hearing, the trial court signed an order on October 1, 2018, granting Liberty Mutual's motion to compel mental examination and ordered Sanders to "submit to an independent mental examination under the direction of Dr. Ticknor." The trial court further ordered that:

> [Sanders] will appear for the examination on October 24, 2018 at 11:00 a.m., at 4310 Medical Parkway, Suite 101, Austin Texas 78756 and will cooperate with the examining team in completing the examination in every respect. The independent medical examination will include psychological testing as well as a clinical interview.

A few days later, Sanders filed a motion for reconsideration of the order compelling the mental examination, and the trial court held a subsequent hearing on this motion. At the conclusion of the hearing, the trial court denied the motion.[2]

Following the trial court's denial of her motion for reconsideration, Sanders filed her petition for writ of mandamus and motion for emergency relief with this Court. This Court granted

---

[2] According to the transcript from the subsequent hearing, the trial court signed an order denying the motion, but it is not in the record before us in this original proceeding.

the motion for emergency relief by order and requested a response from real parties in interest. *See* Tex. R. App. P. 52.4. Liberty Mutual filed a response in opposition to the petition for mandamus relief.

**Analysis**

In her petition for mandamus relief, Sanders argues that she does not have an adequate remedy by appeal and that the trial court abused its discretion in ordering her to submit to a mental examination because: (i) the order does not specify "the manner, conditions, and scope of the examination" and (ii) Liberty Mutual failed to show "good cause" for the examination. *See* Tex. R. Civ. P. 204.1(c), (d); *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (placing burden on relator to show that trial court abused its discretion and that relator has no adequate remedy by appeal in order to be entitled to mandamus relief). In the context of this original proceeding, if the trial court abused its discretion by ordering Sanders to submit to a medical examination under Texas Rule of Civil Procedure 204.1, we conclude that no adequate remedy on appeal exists and a writ of mandamus may issue. *See H.E.B. Grocery Co.*, 492 S.W.3d at 304–05 (concluding that HEB lacked adequate appellate remedy to challenge trial court's denial of HEB's motion for physical examination of plaintiff). Thus, we turn to Sanders's issues to determine if she has shown that the trial court abused its discretion.

Beginning with her challenge to the order based on the "good cause" requirement in Rule 204.1(c), we cannot conclude that Sanders has shown that the trial court abused its discretion by ordering her to submit to an independent mental examination under the direction of Dr. Ticknor. *See* Tex. R. Civ. P. 204.1(c); *H.E.B. Grocery Co.*, 492 S.W.3d at 303 (explaining that "purpose of

4

Rule 204.1's good-cause requirement is to balance the movant's right to a fair trial and the other party's right to privacy" and listing requirements for showing "good cause").  The existence, nature, and extent of Sanders's mental anguish and emotional distress are relevant to Liberty Mutual's defense to her claim for damages, there is a reasonable nexus between the requested mental examination and her mental condition that is in controversy, and "the desired information cannot be obtained by less intrusive means."  *See H.E.B. Grocery Co.*, 492 S.W.3d at 303.

In his affidavit, Sanders's mental health expert averred that he had conducted a clinical interview of Sanders, administered psychological testing on her, and was designated as a testifying expert for her.  His examination and testing of Sanders form part of the basis of his expert opinions.  Liberty Mutual's motion "merely seeks to allow its competing expert the same opportunity."  *See id.*  Further, requiring Dr. Ticknor to testify at trial without the benefit of examining Sanders would place him at a "distinct disadvantage," *see id.*, in the "battle of the experts," *see In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 802 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("When a plaintiff elects to put his neuropsychological condition in controversy through expert testimony, the requested examination is not invasive, intrusive, or uncomfortable, and less intrusive means will not yield the desired information, even-handedness and fairness require granting the defendant's requested examination."); *In re Transwestern Publ'g Co.*, 96 S.W.3d 501, 507–08 (Tex. App.—Fort Worth 2002, orig. proceeding) ("Fundamental fairness dictates that relators' psychiatrist be allowed to examine [the plaintiff]; otherwise relators will be at a severe disadvantage in the 'battle of the experts.'" (quoting *Sherwood Lane Assocs. v. O'Neill*, 782 S.W.2d 942, 945 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding))).

5

We, however, conclude that Sanders has established that the trial court abused its discretion to the extent that it ordered the mental examination without specifying the "manner, conditions, and scope of the examination." Tex. R. Civ. P. 204.1(d) (requiring the order to be "in writing" and to "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made").[3] The challenged order states the time, date, and location for the mental examination under the direction of Dr. Ticknor, but it fails to comply with the specificity requirements for the "manner, conditions, and scope of the examination." *See In re Kirby Inland Marine, LP*, No. 01-18-00383-CV, 2018 Tex. App. LEXIS 5475, at *7–10 (Tex. App.—Houston [1st Dist.] July 18, 2018, orig. proceeding) (discussing considerations in analysis for determining time and scope of testing that is ordered pursuant to Rule 204.1); *Offshore Marine Contractors*, 496 S.W.3d at 803 (explaining that length of interview and quantity and duration of neuropsychological tests ordered by trial court "are matters for the trial court's discretion, which

---

[3] *See*, *e.g.*, Fed. R. Civ. P. 35(a)(2) (stating that order requiring party to submit to physical or mental examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it"); *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988) (orig. proceeding) (explaining that predecessor rule to Rule 204.1 was derived from Federal Rule of Civil Procedure 35 and that "[f]ederal courts' construction of Rule 35 [was] thus helpful to an analysis"); *see also Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 397–99 (S.D. Tex. 2013) (addressing scope and parameters for examination ordered pursuant to Federal Rule of Civil Procedure 35); *Simms v. City of San Antonio*, No. SA-18-CV-00211-DAE, 2018 U.S. Dist. LEXIS 183073, at *10 (W.D. Tex. Oct. 25, 2018, order) (ordering plaintiff to undergo medical examination that "will consist of joint clinical interview lasting approximately two hours and approximately three hours of standardized testing administered by Dr. Cooper, or a qualified person under his direction"); *Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891 LY, 2011 U.S. Dist. LEXIS 54559, at *15–20 (W.D. Tex. May 20, 2011, order) (explaining specificity requirements for ordering examination pursuant to Federal Rule of Civil Procedure 35 and collecting cases addressing orders that complied with specificity requirements).

6

must by exercised by considering the fair-trial standard").  The order states that the "independent medical examination will include psychological testing as well as a clinical interview."  Although we agree with Liberty Mutual that the trial court was not required to list the specific tests that will be administered, the order does not limit the scope of the examination to the identified testing and interview or place other parameters on the examination, such as limiting the testing to standardized testing or placing a limitation on the duration of the testing and interview.

### Conclusion

To the extent that Sanders challenges the portion of the order requiring her to submit to an independent mental examination under the direction of Dr. Ticknor, we deny her petition for mandamus relief.  However, we conditionally grant her petition to the extent that she seeks mandamus relief because the order does not comply with the specificity requirements as to the "manner, conditions, and scope of the examination" under Rule 204.1(d).  We are confident that the trial court will vacate this portion of the order and modify it in accordance with this opinion.  We instruct our clerk to issue the writ only if the trial court fails to comply with this opinion.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed:  November 5, 2018

7