BENCHMASTER, INC., a Michigan corporation and Erwin Dale Wokeck, Jointly and Severally, Plaintiffs,

v.

Manfred KAWAELDE, et al., Defendants.

No. 83–CV–3935–DT.

United States District Court, E.D. Michigan, S.D.

Oct. 11, 1985.

William J. Weinstein, Southfield, Mich., for plaintiff.

Patrick A. Keenan and Daniel J. Henry, Jr., Huntington Woods, Mich., for defendant.

## OPINION AND ORDER MODIFYING MAGISTRATE'S DENIAL OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF ERWIN WOKECK TO SUBMIT TO A MENTAL EXAMINATION

La PLATA, District Judge.

Two of the above-captioned Defendants, Manfred and Anna Kawaelde, filed a Motion to Compel Plaintiff Erwin Wokeck to Submit to a Mental Examination. After hearing oral arguments on July 8, 1985, the Magistrate denied the Motion, finding that the results of the examination probably would be inadmissible at trial. Pursuant to 28 U.S.C. § 636(b)(1), the moving parties filed a timely appeal to this Court.

In the Second Amended Complaint, Plaintiff Wokeck alleged, among other things, that the Kawaeldes extorted substantial sums of money from him during the years 1972 through 1982 by economic threats. On account of the threats, Wokeck averred that the "free exercise of his own will was overcome." [1]

Requesting a mental examination of Wokeck under Fed.R.Civ.P. 35(a), Defendants contend that he placed his psychiatric, emotional, and physical health into controversy. The moving parties assert that without having the benefit of an independent mental examination, they cannot defend against the claims that Wokeck lost his free will and, thus, was unable to act voluntarily. In defense of the allegations, the moving parties asserted that Wokeck voluntarily participated in a "kickback-split scheme," from which he derived financial gains.

Denying the Motion to Compel Wokeck to submit to an independent mental examination, the Magistrate held that the evidence gained therefrom would be inadmissible at trial.[2] He based his decision on the "Hinkley Act," which prohibits the introduction at criminal trials of psychiatric opinions on the ultimate issue of insanity. It is noteworthy that Plaintiffs' attorney argued at the hearing that he did not intend to present a psychiatric witness to prove the allegations that Wokeck's will was overcome by economic duress.

Under Fed.R.Civ.P. 35, whenever the physical or mental condition of a party is in controversy, the trial court is empowered to require him to undergo an examination by a physician.[3] The rule was held to be valid by the United States Supreme Court in *Sibbach v. Wilson & Co., Inc.,* [4] where the Court stated that the rule was applicable irrespective of the law of the state in which the federal court was sitting. While the moving party must show that (1) his opponent's condition is in controversy and (2) good cause exists to require his opponent to submit to an examination, the Supreme Court held in 1964 that these criteria usually are satisfied by a review of the pleadings, only, where either the plaintiff claims a physical or mental injury or the defendant raises his physical or mental examination as a defense to the allegations.[5]

In *Coca-Cola Bottling Co. v. Torres,* [6] the Plaintiff claimed that she sustained physical and mental injuries as a result of ingesting a contaminated beverage. The First Circuit Court of Appeals upheld the

---

**1.** Second Amended Complaint, ¶¶ 17, 19.

**2.** Hearing before the Magistrate on Defendant's Motion for Mental Examination of Plaintiff, p. 11.

**3.** See, generally, 8 Wright & Miller, Federal Practice and Procedure, §§ 2232–2234 (1970).

**4.** 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941).

**5.** *Schlagenhauf v. Holder,* 379 U.S. 104, 114, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964).

**6.** 255 F.2d 149 (1st Cir.1958).

trial judge's denial of Defendant's Motion to compel the Plaintiff to undergo an examination:

> The language of Rule 35 is permissive in that it provides that while the court "may" order a party to submit to a physical examination, it may do so "only on motion for good cause shown." Thus clearly the granting or denying of a motion for a physical examination rests in the sound discretion of the trial court. *Bucher v. Krause,* 7 Cir., 1952, 200 F.2d 576, 584, certiorari denied 1953, 345 U.S. 997, 73 S.Ct. 1141, 97 L.Ed. 1404. The court in the case at bar denied the motion on the basis of the plaintiff's assertion that he was not seeking damages for any present suffering but only for past physical injury and emotional disturbance, and hence a physical examination would be useless since it would not show the extent of the injury he had suffered in the past from which he had wholly recovered. The ground for denying the motion is certainly sound. But the defendant contends that nevertheless over its objection the court permitted the plaintiff to testify: "I always felt bad. At this very moment when I remember that thing I feel bad." In view of the plaintiff's disclaimer of damages for any present injury, the court admitted this testimony only for whatever value it might have to show the severity of the plaintiff's past suffering. The court said that it would consider the evidence for no other purpose and there is nothing to indicate that the court did not do what it said. Indeed, the small size of its award of damages gives positive indication that the court kept its word to the letter.[7]

In *Winters v. Travia,*[8] the Plaintiff sought damages as a result of being administered, against her will, tranquilizers in 1968 when she was an involuntary patient at Bellvue Hospital. The trial court ordered that she undergo a physical and mental examination, to which she objected on the ground that her physical condition was not an issue in the case. Holding that Plaintiff's physical and mental condition were not in controversy in the proceeding, the *Winters* Court vacated the Order requiring the Plaintiff to undergo a physical examination:

> [P]laintiff's counsel was willing to and did represent and agree that the only present mental problem of plaintiff allegedly caused by the 1968 forced medication is "an unpleasant memory," this memory going to show the severity of the past suffering. Thus plaintiff is willing to abandon any claim that any present or anticipated physical or mental disability or condition was caused by the 1968 treatment on which her case is based. Under these circumstances we do not see what purpose could be served by a Rule 35 examination which under its own terms may be ordered only "[w]hen the mental or physical condition ... of a party ... is in controversy ..."[9]

The proposition gleaned from the *Torres* and *Winters* cases is that a Plaintiff will not be forced to submit to a psychiatric examination for a past, rather than current, mental injury and disturbance. In the Court's view, the policy underpinning the rule is that a psychiatrist would not be able to assist the fact finder in determining whether a person suffered, rather than suffers from, an emotional distress or disturbance and, if so, the cause of that emotional suffering. The Court concludes that psychiatric testimony concerning Wokeck's emotional state during the years 1972 through 1982 would be speculative.

While this Court will not permit an examination of Plaintiff Wokeck concerning his mental condition during the years 1972 through 1982, it appears that his current emotional state was placed in controversy by his most recent pleading. According to Plaintiffs' Second Amended Complaint, Wokeck sustained permanent injuries as a consequence of Defendants' actions:

7.  *Torres* at 153.

8.  495 F.2d 839 (2d Cir.1974).

9.  *Winters at* 840–41.

"That the fear and pressures resulting from the Defendant's threats of and the resulting extortion, caused your Plaintiffs great and extreme emotional harm, mental anguish, pain and suffering, all of which are of a permanent nature."

"That the anxiety and emotional harm has accelerated and aggravated, or precipitated a coronary condition of your individual Plaintiff, requiring medical attention and medication and treatment." [10]

Because of these allegations, fairness dictates that Plaintiff Wokeck undergo a psychiatric examination, pursuant to Fed. R.Civ.P. 35(a). The examination will be circumscribed to Mr. Wokeck's current condition.

So Ordered.

---

**10.** Second Amended Complaint, ¶¶ 61–62.