**Levi Lee LAUB, Relator,**

v.

**The Honorable Lisa MILLARD, Judge of the 310th Judicial District Court, Respondent.**

No. 01–96–00476–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 20, 1996.

Robert J. Piro, Houston, for appellant.

John W. Raley, Houston, for appellees.

Before MIRABAL, HUTSON–DUNN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

In this mandamus action, relator, Levi Lee Laub, contends the trial court abused its discretion by refusing to compel a mental examination of the real party in interest, Mary Laub. We agree and conditionally grant the writ.

This action arises out of a divorce case filed by Mary Laub against Levi Laub. During the course of the marriage, Mary made significant gifts of her separate property to Levi. In the divorce action, Mary seeks to set aside certain gifts that she made to Levi in 1984, which she reconfirmed in 1990. Levi contends the statute of limitations bars Mary's suit to set aside the gifts. In response, Mary argues that the statute of limitations was tolled because she was incompetent in 1984, and at all times up to and including 1990.

Mary has employed a psychiatrist, Dr. Richard Pesikoff, who has filed an affidavit in the cause in which he states his opinion that Mary was incompetent in 1984 and in 1990 when the gifts to Levi were made and then reconfirmed. Dr. Pesikoff testified Mary had a "history of severe personality disorders" that rendered her highly vulnerable to Levi's demands. It was his impression that Mary was attempting to appease Levi when she gave him her property and that her signing of the documents "was a direct result of her mental illness and alcoholism."

Mary has also employed a psychologist, Rita Justice, who testified in an affidavit that Mary was a battered woman. Justice testified that in her professional opinion, "while living with Levi Laub, Mary Laub was reduced to a diminished state of mental competence," that she was "incapable of exercising any judgment in her dealings with her husband," and that "had Mrs. Laub been in sound mental health, she never would have transferred either the home or the securities to her husband."

Levi filed a motion, pursuant to Tex. R.Civ.P. 167a, to compel a mental examination of Mary Laub. After a hearing, the trial court denied the motion. This mandamus proceeding followed.

Rule 167a(a) provides:

When the mental or physical condition (including the blood group) of a party, or of a person in the custody, conservatorship or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or psychologist or to produce for examination the person in his custody, conservatorship or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Except as provided in subparagraph (d) of this rule, an examination by a psychologist may be ordered only when the party responding to the motion has identified a psychologist as an expert who will testify.

Rule 167a places an affirmative burden on the movant to meet a two-pronged test: (1) the movant must show that the party's mental condition is "in controversy"; and (2) the movant must demonstrate that there is "good cause" for a compulsory mental examination. *Coates v. Whittington,* 758 S.W.2d 749, 751 (Tex.1988); *Sherwood Lane Associates v. O'Neill,* 782 S.W.2d 942, 944 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). If, however, a plaintiff intends to use expert medical testimony to prove his or her alleged mental condition, that condition is placed in controversy and the defendant would have good cause for an examination under rule 167a. *Coates,* 758 S.W.2d at 753; *Sherwood Lane,* 782 S.W.2d at 945.

In her response to interrogatories, Mary has stated that Dr. Pesikoff and Rita

Justice "will testify regarding the mental and emotional state of Mary Laub, the traumatic and stressful circumstances concerning the marriage, and the psychological and emotional duress imposed on Mrs. Laub by Mr. Laub." Because Mary intends to use expert medical testimony from Dr. Pesikoff and Justice to prove her alleged incompetence, she has placed her mental condition in controversy and given Levi good cause for an examination under rule 167a.

However, Mary argues that a mental examination of her today will not prove her mental condition during the period at issue in this case, 1984 through 1990. She contends she is now fully recovered from her mental incompetence. This argument is not unpersuasive or without authority. *See Benchmaster, Inc. v. Kawaelde*, 107 F.R.D. 752, 753 (E.D.Mich.1985) (no psychiatric examination could be compelled because psychiatric testimony about the plaintiff's emotional state during an earlier period of time would be speculative).

However, the record in this case shows Dr. Pesikoff did not examine Mary until March 1995. Rita Justice began treating Mary in 1991. Neither expert examined Mary during the critical period from 1984 through 1990. Nevertheless, they both had an opinion as to Mary's competence during that period based on their later examinations of her.

Therefore, we cannot agree that an examination of Mary today will shed no light on her mental condition during the years 1984 through 1990. If Mary plans to call these experts as witnesses, Levi should be given the opportunity to have a mental health expert, other than those employed by Mary, examine Mary to evaluate her mental competency during the years in question. The trial court's action severely restricts Levi's opportunity to discover facts that may contradict the opinions of Mary's experts. Fundamental fairness dictates that Levi be allowed to compel a mental examination of Mary; otherwise, he will be at a severe disadvantage in the "battle of experts." *Sherwood Lane*, 782 S.W.2d at 945.

Accordingly, the petition for writ of mandamus is conditionally granted. It will issue only if the respondent fails to vacate her previous order denying the mental examination of Mary Laub and fails to enter an order granting such examination.