Petition for Writ of Mandamus Denied and Plurality and Dissenting
Opinions filed January 16, 2009








 

Petition
for Writ of Mandamus Denied and Plurality and Dissenting Opinions filed  
January 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00548-CV

____________

 

IN RE MICHAEL G. BROWN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

P L U R A
L I T Y   O P I N I O N

In this
original proceeding, an ex-husband seeks a writ of mandamus ordering the
respondent, the Honorable Bonnie Crane Hellums, to set aside orders granting
his ex-wife=s motions for his court-ordered psychiatric evaluation.  The mandamus
petition is denied.

Factual And Procedural Background

Relator
Michael G. Brown (AMichael@) and real party in interest Darlina Barone (ADarlina@) were divorced in November 2001.  At
that time the trial court rendered a final decree of divorce and judgment,
appointing Darlina sole managing conservator of the parties= two minor children (AChildren@).  The decree and judgment contained
the following findings:








!         Michael committed family violence within the meaning of
section 153.004 of the Texas Family Code.

!         Michael acted intentionally or recklessly with extreme and
outrageous conduct to cause his wife Darlina emotional distress and Darlina
suffered severe emotional distress.

!         Michael intentionally, knowingly or recklessly caused Darlina
serious bodily injury or Michael used or exhibited a deadly weapon while
assaulting Darlina.

!         Michael acted with specific
intent to cause Darlina substantial injury, or Michael acted with actual, subjective
awareness of the extreme degree of risk involved, considering the probability
and magnitude of the potential harm to Darlina, but nevertheless Michael
proceeded with conscious indifference to the rights, safety, or welfare of
Darlina.

In the decree and
judgment, the trial court awarded Darlina judgment against Michael for more
than $5,200,000, including $2,000,000 in punitive damages, based on Darlina=s claims for intentional infliction
of emotional distress and assault.  In the decree, all of Michael=s access to the Children was required
to be continuously supervised by a third-party supervisor. Subsequently, the
court having continuing, exclusive jurisdiction rendered two orders, on March
17, 2005 and October 18, 2006, modifying the parent-child relationship.  Under
the March 2005 order, all of Michael=s access to the Children between the
hours of 6:00 p.m. and 6:00 a.m. was required to be continuously supervised by
a third-party supervisor.  The October 18, 2006 modification order was the
result of a mediated settlement agreement.  Under that order, none of Michael=s periods of possession with the Children
are supervised.

                              Motion
to Modify and for Temporary Orders Based on 

                                        Allegations
of Violent and Erratic Behavior








            On April 25, 2008, Darlina filed a motion
to modify the parent-child relationship and an application for emergency
temporary orders.  Darlina alleges in her motion that Michael has become
increasingly erratic and violent, and is probably abusing alcohol and driving
while intoxicated with the Children in the car.  Darlina asserts that, because
Michael=s periods of possession are no longer supervised,
Michael engages in violent conduct in the presence of the Children, who are
afraid to visit their father=s home.  In her
motion, Darlina asserts that it is in the best interest of the Children to
modify the terms and conditions for Michael=s
access to and possession of them in various ways.  Darlina asserts this
modification is necessary to protect the Children.

Darlina
attached to her motion an affidavit of Michael=s current wife Rachel.  In this
affidavit, which was signed on November 7, 2006, Rachel testifies as follows:

!         Michael and Rachel have two children.

!         On September 23, 2006, Michael moved out of the marital
residence and abandoned Rachel and her children while Rachel was in the
hospital giving birth to their son.

!         On or about October 27, 2006, Rachel moved out of the marital
residence because of threats by Michael toward Rachel and their children.

!         In March 2004, while Rachel was seven-months pregnant, Michael
physically assaulted her while children were in the house.  

!         Throughout the relationship between Michael and Rachel, there
has been a history of family violence.

!         Between March 2004 and September 21, 2006, on several
occasions Michael physically assaulted Rachel and degraded her in front of the
children.

!         In 2003, Rachel filed for divorce; however, Michael and Rachel
later reconciled.  Nonetheless, the relationship continued to be fraught with
violence through October 27, 2006.

!         On September 12, 2006, while Rachel was nine-months pregnant
with their child, Michael physically assaulted Rachel, who was traumatized and
worried that she would go into labor.  Eleven days later, on the day Rachel
gave birth to the couple=s son, Michael abandoned Rachel and the children and
was not present when his son was born.

!         Rachel believes that Michael
is a danger to Rachel and their children, and she fears for the safety of their
children.








Rachel submitted this
affidavit to the trial court in support of an application for protective order
in a 2006 divorce proceeding that she filed.  She later nonsuited the divorce
proceeding after she and Michael reconciled. 

                                                 Counterpetition
for Modification

On May
8, 2008, Michael filed, in addition to an original answer to Darlina=s suit, a counterpetition to modify
the parent-child relationship, motion for mental examination of Darlina and the
Children, motion to compel mediation, motion to dismiss Darlina=s application for emergency temporary
orders, and motion for appointment of an amicus attorney.  Michael sought to be
appointed the sole managing conservator of the Children with the exclusive
right to establish the Children=s legal domicile.  

                    Trial
Court=s Orders for Drug Testing and
Psychiatric Evaluation

Shortly
thereafter, on May 21, 2008, the trial court held a hearing on temporary
orders.  The trial court ordered Michael to submit to drug testing.  The
results of the drug tests showed that Michael tested positive for cocaine and
Xanax.  Also, at the May 21, 2008 hearing, the trial court sua sponte ordered
that Michael submit to a psychiatric evaluation by court-appointed
psychiatrist, Craig Bushong, M.D.  The trial court did not sign a written order
at that time.  








The
following month, on June 24, 2008, Darlina filed a motion to enter an order for
the psychiatric evaluation of Michael.  Also, on June 24, 2008, Michael filed a
motion to nonsuit all his claims for affirmative relief against Darlina, which
the trial court granted.  That same day, the trial court held a hearing,
appointed an amicus attorney for the Children, and signed an order (the AJune Order@) in which the court appointed Dr.
Bushong to interview, examine, evaluate, and consult with Michael for the
purpose of performing a psychiatric evaluation of Michael.  Darlina filed a
second motion to enter order for psychiatric evaluation.  On July 1, 2008, the
trial court signed a second order (the AJuly Order@) in which the court directed Michael
to appear for the initial appointment with Dr. Bushong on July 11, 2008, at
12.30 p.m. at a specific address.[1]  

Michael
now seeks mandamus relief from the June Order and the July Order compelling him
to submit to a psychiatric examination.  

                                                       Standard of Review

To show
himself entitled to mandamus relief, Michael must demonstrate, among other
things, that the trial court clearly abused its discretion.  See In re
Prudential Ins. Co. of America, 148 S.W.3d 124, 135 (Tex. 2004).  On mandamus review
of factual issues, a trial court will be held to have abused its discretion
only if the party requesting mandamus relief establishes that the trial court
reasonably could have reached but one decision (and not the decision it made). 
See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding).  Mandamus
review of issues of law is less deferential.  A trial court abuses its
discretion if it clearly fails to analyze the law correctly or apply the law to
the facts.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005). 

Analysis








Michael
contends that the trial court abused its discretion by ordering him to
participate in a psychiatric examination because Darlina did not show (1) good
cause, or (2) that his mental condition is in controversy.  See  Tex. R. Civ. P. 204.1.[2] 
Darlina asserts that these requirements of Texas Rule of Civil Procedure 204.1
do not apply to the trial court=s orders because they are governed by Texas Rule of Civil
Procedure 204.4.[3]  For the
purpose of this analysis, it is presumed, without deciding, that the
requirements of Rule 204.1 apply in the instant case.[4] 


Did
Michael stipulate that Darlina is entitled to all the relief she seeks?

Michael=s main argument is that no good cause
has been shown and that his mental condition is not in controversy because
Michael has nonsuited all of his claims and has stipulated to all relief
Darlina seeks.  Though Michael has nonsuited all his claims,[5]
for Michael=s argument to succeed, Michael must have stipulated to all relief Darlina
seeks.  For this purported stipulation, Michael relies on the following oral
statements by counsel in open court at the June  24, 2008 hearing:








[counsel for Darlina]:           My understanding is
[Michael] is going to waive his rights to any further access to these children.

[trial court]:                           Okay.

[counsel for Michael]:          Well, I don=t know if that=s C well, we are prepared today to enter an agreed, not
agreed, but consent to their request to limit access to the kids on a
temporary basis.

. . .

[counsel for Michael]:          [Michael=s] physical, mental condition is no longer in issue. 
We have submitted and filed ... a Motion for Nonsuit this morning. . . .
[Michael] has no claims for affirmative relief.  He has no claims for Temporary
Orders, no claims of any kind, other than a general denial.  So he is not a
Plaintiff or a Petitioner in any form in this case in this court.  And . . . he
is not seeking and he is prepared to stipulate to the C he stipulates to Page 8 of 9 [sic] of [Darlina=s] petition filed with this Court on April 25th,
2008.  That portion of the pleading that says, AMovant requests the Court to restrict Respondent=s access to the children.@ I=m telling the Court right now and I=m telling it on this record, that [Michael], is
stipulating and agreeing to that portion of [Darlina=s] pleadings
and is not requiring any proof whatsoever for this Court to enter her Temporary
Order on that matter.  Number next, C
[sic]

[counsel for Darlina]:           I just want to know
where you=re reading from. I=m
sorry.  

[counsel for Michael]:          Page 8 of 9 on your
pleading.

. . .

[counsel for Michael]:          We have stipulated on
the record to the Plaintiff=s petition, as
it relates to her Temporary Order request.

. . .








[Michael]
is tired of fighting. He=s not going to fight with [Darlina]. And he has asked
me through these last few motions I=ve
made and comments I=ve made, to illustrate that to you and this Court
[sic] and the parties, that he=s not fighting
anymore.

. . .

But he
knows of no other way, than to essentially come in here and fall on the
proverbial sword and agree with [Darlina] in her pleading, Page 8 of 9, of her
petition to take all of these matters out of issue.  

. . . 

[counsel for Darlina]:           There is sufficient
cause before the Court to order this man to submit to psychiatric evaluation. 
Furthermore, Judge, by agreeing to the entry of a Temporary Order, we still
have a trial.  We still have Final Orders to come up with.  

[trial court]:                           That=s right.

[counsel for Darlina]:           And it=s not out of issue. [sic] And the Court is also
empowered to do what is in the best interest of these children, and we have not
come to that conclusion yet.

. . .

[counsel for Michael]:          Just to clear up that
one point, I=m authorized by [Michael] to say that that stipulation
extends into and including the final judgment on that point. 

[trial court]:                           Okay.

[counsel for Michael]:          There would be other
issues, I know I can=t
dispose of.  Sorry.

[trial court]:                           Sure. And I
don=t know how much protection I=m going to need to offer these children.  It may be
that they never see their father again.  It may be that they have to have
supervised visitation if [sic] at some other time.








(emphasis added).  

                                              Elements
of Requested Modification

On page
8 of her motion to modify, Darlina asserted that it is in the best interest of
the Children for the trial court to modify the terms and conditions for Michael=s access to or possession of the
Children as follows:

(1)       to restrict Michael=s
access to the Children,

(2)       to order that Michael=s
periods of access to and possession of the Children be continuously supervised
by the S.A.F.E. program or an entity or person chosen by the court,

(3)       to order that Michael shall not have overnight periods of
possession of the Children, and

(4)       alternatively, that the
court render a possession order designed to protect the Children.













At the
June 24, 2008 hearing, Michael=s counsel began by characterizing Michael=s position as consenting to Darlina=s request to limit access to the
Children on a temporary basis, which would appear to be agreeing to item (1),
above, in a temporary order.  Michael=s counsel then stated that, as to
temporary orders, Michael was stipulating to Athat portion of the pleading that
says, >Movant requests the Court to restrict
Respondent=s access to the children.=@ Counsel then repeated that Michael
was stipulating to Athat portion of [Darlina=s] pleadings and is not requiring any proof whatsoever for
this Court to enter her Temporary Order on that matter.@[6]  Counsel later said that Michael is Atired of fighting@ and that he is coming into court to Afall on the proverbial sword and
agree with [Darlina] in her pleading, [p]age 8 of 9, of her petition to take
all of these matters out of issue.@  The dissent concludes that this
last statement shows that Michael stipulated to all relief sought by Darlina in
her petition.[7]  It is
apparent from the record, however, that through this point in the hearing,
Michael had made it clear that the stipulation was limited to the trial court=s temporary orders.  More
importantly, however, vague statements about being Atired of fighting@ and falling on one=s sword are not clear enough to
provide the terms of a stipulation or admission.[8] 
See Salaymeh v. Plaza Centro, L.L.C., 264 S.W.3d 431, 438B40 (Tex. App.CHouston [14th Dist.] Aug. 26, 2008,
no pet.) (holding  that statements by counsel were not so clear and unequivocal
as to constitute judicial admissions of occupancy); Charette v. Fitzgerald,
213 S.W.3d 505, 514 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (holding that record did
not reflect that parties= counsel stipulated to the reasonableness of the requested
attorney=s fees, as alleged by appellees). 
Counsel later extended the stipulation to include Afinal judgment on that point@ but stated that Athere would be other issues, I
know I can=t dispose of.@[9]  On this record, although Michael may have stipulated
to temporary and final orders as to item (1) above, he did not stipulate or
admit to the other three items.[10]  See
Salaymeh, 264 S.W.3d at 438B40; Charette, 213 S.W.3d at 514.  Therefore, Michael
did not stipulate to all relief sought by Darlina.[11]


                                    Is
Michael=s mental condition in controversy?            

 Though
Michael did agree that the trial court could put restrictions on his access to
the Children, he did not agree to specific restrictions, leaving it up to the
trial court to decide what restrictions are in the Children=s best interest in light of the risks
to the Children during Michael=s periods of possession.  Thus, though Michael has agreed
that restrictions are necessary, the trial court still has to determine whether
it is in the Children=s best interest to order that all of Michael=s periods of access and possession
should be supervised, and if so, whether they should be supervised by the
S.A.F.E. program or another entity or person.  Likewise, the trial court still
has to determine whether it is in the Children=s best interest for Michael to have
overnight periods of possession.[12]  













The
record before the trial court shows that Michael has a history of family
violence and substance abuse.  It is against this backdrop that the trial court
seeks additional data to inform its decision as to the restrictive measures
necessary to protect the Children.  Because these decisions are often complex
and difficult, the Texas legislative has equipped district courts with a number
of tools to assist them in making this important determination.  One such tool
is the psychiatric evaluation of those in whose care children might be
entrusted.              The affidavit before the trial court would support a
finding that, after the trial court=s last modification order on October
18, 2006, Michael engaged in conduct that endangered the well-being of his
children with Rachel.  In light of the evidence of erratic and violent
behavior, Michael=s mental condition is in controversy as the trial court seeks
to determine what type of modification order would be in the best interest of
the Children.[13]  See In
re N.R.C., 94 S.W.3d 799, 814B15 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied) (stating that father=s mental condition was in issue); Laub v. Millard, 925
S.W.2d 363, 364B65 (Tex. App.CHouston [1st Dist.] 1996, no writ) (same).  Presuming that
Darlina had to show that Michael=s mental condition is in controversy
and that there is good cause for a compulsory mental examination, the trial
court did not abuse its discretion by impliedly determining that both elements
have been shown in this case.[14]  See In
re N.R.C., 94 S.W.3d at 814B15 (holding that trial court abused its discretion by denying
mother=s request for a psychological
evaluation of children=s father); Laub, 925 S.W.2d at 364B65 (holding that trial court abused
its discretion by denying husband=s request for a psychological
evaluation of wife).  Thus, Michel=s argument that his mental condition
is not in controversy lacks merit.

Did Michael request the trial court to set aside its
July Order and to specify the time, manner, conditions. purpose, and scope of
the psychiatric evaluation?

In his
second issue, Michael asserts that the trial court=s June Order improperly fails to
specify the time, manner, conditions, purpose, and scope of the examination. 
In its subsequent July Order, the trial court specified the time and manner of
the evaluation.  Presuming, without deciding, that the July Order does not
state the conditions, purpose, and scope of the examination, to be entitled to
mandamus relief, Michael would have to satisfy the requirement of a predicate
request and adverse ruling in the trial court.   








Equity
is generally not served by issuing an extraordinary writ against a trial court
judge on a ground that was never presented in the trial court and that the
trial judge thus had no opportunity to address.  In re Texas Best Staff
Leasing, Inc., Nos. 01-08-00296-CV & 01-08-00418-CV, 2008 WL 4531028,
at *5 (Tex. App.CHouston [1st Dist.] Oct. 9, 2008, orig. proceeding [mand.
filed]) (mem. op.).  Mandamus relief generally requires a predicate request for
an action and a refusal of that request.  Axelson, Inc. v. McIlhany, 798
S.W.2d 550, 556 (Tex. 1990).  However, the requirement that there be a
predicate request and adverse ruling is excused when such a request would have
been futile and the trial court=s refusal little more than a formality.  See In re Texas
Best Staff Leasing, Inc., 2008 WL 4531028, at *5.  To determine whether a
request would have been futile, appellate courts examine whether the request
would have added anything for the trial court=s consideration.  See id.








Michael
asks this court to grant a writ of mandamus compelling the trial court to
vacate its June Order because, in it, the trial court allegedly failed to
specify the time, manner, conditions, purpose, and scope of the examination. 
Notably, however, the  mandamus record shows that Michael did not complain of
this alleged failure in the trial court as to any of the trial court=s orders.  Moreover, Michael did not
ask the trial court to set aside any order based on this alleged failure.[15] 
Presuming, without deciding, that the July Order does not state the conditions,
purpose, and scope of the examination, (1) the record does not show that the trial
court would refuse to specify the conditions, purpose, and scope of the
psychiatric examination in its order if asked to do so; and (2) if Michael had
asked the trial court to specify these matters, the trial court clearly could
have done so, thus obviating the need to grant mandamus relief.  Voicing the
complaint that the trial court did not specify in its order the items required
by Texas Rule of Civil Procedure 204.1(d) would have added something for the
trial court=s consideration.  Therefore, it would not have been futile for Michael to
have requested the trial court to specify these matters in the trial court=s written order compelling his
psychiatric examination.[16]  See In
re Texas Best Staff Leasing, Inc., 2008 WL 4531028, at *5B6.  Michael did not present his
complaint or otherwise give the trial court an opportunity to correct the
alleged deficiencies in its written order, and Michael has not asserted
otherwise in this court. 

For
these reasons, Michael failed to satisfy the requirement of a predicate request
and refusal by the trial court, and he is not entitled to the relief requested
in his second issue.[17]  See Axelson,
Inc., 798 S.W.2d at 556 (holding that mandamus relief was not available
because trial court had not refused to grant the relief requested by relators);
 In re Texas Best Staff Leasing, Inc., 2008 WL 4531028, at *5B6  (holding that mandamus relief was
not available as to relief relators had not requested from the trial court); In
re Kenefick, No. 14-08-00203-CV, 2008 WL 3833842, at *6 (Tex. App.CHouston [14th Dist.] Aug. 19, 2008,
orig. proceeding) (mem. op.) (holding that relator was not entitled to mandamus
relief regarding alleged lack of specificity in trial court=s order because relator did not show
that he presented this complaint to the trial court and that the trial court
refused to correct the alleged defects in the order).  Accordingly, the second
issue is overruled.

                                                                Conclusion








Michael
did not stipulate to all relief sought by Darlina.  Even if Michael had
stipulated to all such relief, the trial court still would have to decide
whether to grant the modification sought in the first three items of requested
relief or the modification sought in the fourth item.  In the latter case, the
trial court would have to consider what other modification order would protect
the Children.  The affidavit before the trial court supports a finding that,
after the trial court=s last modification order, Michael engaged in conduct that
endangered the well-being of his children with Rachel.  In light of the
evidence of Michael=s erratic and violent behavior, good cause has been shown and
Michael=s mental condition is in controversy
as the trial court undertakes to determine what type of modification order
would be in the best interest of the Children.  Thus, as to the mandamus relief
sought under his first issue, Michael has not shown that the trial court
clearly abused its discretion. As to the relief sought under his second issue,
Michael is not entitled to mandamus relief because he did not present his
complaints in the second issue to the trial court to give the trial judge an
opportunity to correct the alleged deficiencies in the trial court=s written order. Accordingly, Michael=s mandamus petition is denied. 

The stay imposed by this court is lifted.  

 

 

 

/s/        Kem Thompson Frost

Justice

 

Panel consists of Justices Frost, Seymore, and Guzman.
(Seymore, J., concurring without opinion) (Guzman, J., dissenting).

 









[1]  The June Order did not state the date and time Michael=s initial appointment with Dr. Bushong.





[2] 
Rule 204.1 provides, in relevant part, the
requirements for obtaining an order for the mental examination of a party:

 

(c) Requirements for Obtaining Order.  The court may
issue an order for examination only for good cause shown and only in the
following circumstances:

(1) when the mental or physical condition
(including the blood group) of a party, or of a person in the custody,
conservatorship or under the legal control of a party, is in controversy;
. . . 

 

Tex. R. Civ. P. 204.1 (emphasis added).  





[3]
  Rule 204.4 provides, in relevant part, as
follows:

 

In cases arising under Family Code Titles II or V, the
court mayCon its own initiative or on motion of a partyCappoint . . . one or more psychologists or
psychiatrists to make any and all appropriate mental examinations of the
children who are the subject of the suit or of any other parties. . . .

 

Tex. R. Civ. P. 204.4.





[4] In In re N.R.C., no party argued that the
requirements of Texas Rule of Civil Procedure 204.1 do not apply to trial court
orders that are governed by Texas Rule of Civil Procedure 204.4, and the court
did not determine that the party requesting the examination had invoked Rule
204.4.  See 94 S.W.3d 799, 814B15
(Tex. App.CHouston [14th Dist.] 2002, pet. denied).  Furthermore,
the N.R.C. court did not need to address the issue presented in this
case because it concluded the trial court abused its discretion by denying the
ex-wife=s request for a psychological examination of her
ex-husband and children under the standards of Rule 204.1.  See id. 
Therefore, the N.R.C. court=s
holding did not resolve the issue raised by the parties in this proceeding.  





[5] In his third issue, Michael seeks mandamus relief to
compel the trial court to sign an order granting his motion for nonsuit;
however, because the trial court has signed such an order, this issue is moot. 






[6](emphasis  added). 





[7] See post at
p. 3, n.4. 





[8] The dissent relies on counsel=s use of the plural noun in stating that Amatters@
are Aout of issue.@ 
However, counsel used the singular most of the time, and there are two children
involved, so stipulating to one item of relief could be considered two
matters.  In any event, this passing use of the plural is not sufficient to
broaden the stipulation to all relief sought by Darlina.  Because stipulations
and other such concessions have serious consequences for parties= legal claims and positions, courts are loathe to
characterize vague and ambiguous statements as stipulations.  Instead, it is
only clear and unequivocal statements that are fairly characterized as
stipulations.  See Salaymeh, 2008 WL 4335090, at *6B7; Charette, 213 S.W.3d at 514. 





[9](emphasis added). 





[10] The dissent also cites a statement by Michael=s counsel that Michael Ais not seeking visitation right now.@ (emphasis added).  See post at p.4., n.5.  However,
at the time counsel made this statement, counsel clearly had limited the
stipulation to temporary orders and had made it clear that Michael did not
waive all access to the Children.  Under the current order, Michael had access
to the Children; he did not need to seek visitation because he already had it. 
No one asserts that Michael agreed in the trial court to waive all
access or visitation with the Children, and the record does not reflect that he
did so.  This statement by counsel is not consistent with a stipulation by
Michael that Darlina is entitled to all four items of relief requested in her
petition.





[11] In addition, even if Michael had stipulated to the
above four items, the trial court still would have to decide what relief to
award in the best interest of the Children.  These four items are inconsistent
and cannot all be granted at once.  In the first three items, Darlina asked the
trial court to restrict Michael=s access to the
Children, order that Michael=s periods of
access and possession be continuously supervised by the S.A.F.E. program or an
entity or person chosen by the court, and order that Michael not have overnight
periods of possession.  However, in the fourth item, Darlina requested, in the
alternative, that the trial court render a possession order designed to protect
the Children.  Therefore, even if Michael had stipulated to the relief
requested in all four items, the trial court still would have to decide whether
to grant a modification as requested in the first three items or as requested
in the fourth.  In the latter case, the trial court would have to consider what
other modification order would protect the Children.  





[12] Even if Michael had stipulated to all four of the
items of relief requested on page 8 of Darlina=s motion, the trial court still would have to determine if it is in the
best interest of the Children to award the relief sought in the first three
items or to protect the Children by some other order, as requested in the
fourth item. 





[13] The dissent states that, at the May 21, 2008 hearing,
Athe trial court expressly stated that, without hearing
any evidence, it would . . . order [Michael] to submit to a psychiatric
evaluation.@  Ante at p. 2; see ante at p.2, n.2;
p.4, n.5.  This is incorrect.  First, the trial court did not say that without
hearing any evidence it was ordering Michael to submit to a psychiatric
evaluation.  Toward the end of the hearing, the trial court did say that it was
appointing an amicus attorney Awithout hearing
any evidence.@  Ten sentences later in the reporter=s record and after an interruption by Michael=s counsel, the trial court ordered Michael to have a
psychiatric evaluation, without mentioning the evidence upon which this order
was based.  Prior to these statements, the trial court granted Michael=s counsel=s
request to be heard, and the court entertained Michael=s arguments.  During this colloquy, the trial court
specifically mentioned that it had before it evidence in the form of Rachel=s affidavit.  It is clear from the record that the
trial court ordered a psychiatric evaluation only after considering evidence. 





[14]  Michael relies on Walsh v. Ferguson; however,
in Walsh, the order was supported by no evidence whatsoever.  See
712 S.W.2d 885, 887 (Tex. App.CAustin 1986, no
writ). In this case, Darlina=s counsel
relied on Rachel=s affidavit at the May 21, 2008 hearing, during which
the trial court sua sponte ordered a mental examination. See Tex. R. Civ. P. 204.4 (allowing sua
sponte mental examination orders in Family Code cases such as this one). 
Darlina then followed up with a motion seeking a written order compelling this
mental examination.  Because the trial court had Rachel=s affidavit before it, Walsh is not on point.





[15] The dissent asserts that Michael=s objection under Rule 204.1(c) that there was no good
cause for a psychiatric evaluation put the trial court on notice that Michael
was also objecting that the trial court=s
order did not specify the time, manner, conditions, purpose, and scope of the
evaluation, as required by Rule 204.1(d).  See ante at  p.4, n.5.  This
assertion lacks merit because these are two distinct objections.  Michael
voiced one in the trial court but not the other.  Even if there is no good
cause for an evaluation, a trial court=s
order can still specify the time, manner, conditions, purpose, and scope of the
evaluation.  A trial court=s order can
fail to specify these matters even though there is good cause for an evaluation. 
Michael simply failed to present to the trial court any complaint under Rule
204.1(d).  





[16]  The dissent concludes that it would have been futile
for Michael to object under Rule 204.1(d) because, by overruling Michael=s objection under Rule 204.1(c) and admonishing
Michael to obey the court=s orders, the trial court made it Aabundantly clear that it expected Michael to comply
with its verbal order, notwithstanding the fact that the order did not comply
with the required procedural safeguards.@  See
ante at p.4, n.5.  Though the trial court did admonish Michael to obey the
court=s orders, it did not state or indicate that any
psychiatric examination order was not in compliance with procedural
safeguards.  There is nothing in the record indicating that the trial court was
determined to ignore Rule 204.1(d) or that it would have been useless for
Michael to voice an objection under Rule 204.1(d).  A request by Michael for
the trial court to specify the matters listed in Rule 204.1(d) would have
presented an additional matter for the trial court to consider.  See In re
Texas Best Staff Leasing, Inc., 2008 WL 4531028, at *5B6. 





[17] Therefore, the dissent=s concerns that the trial court=s
order should specify the manner, conditions, and scope of the psychiatric
examination do not support the granting of mandamus relief in this case.  See
post at pp. 3-5.