**Opinion issued May 24, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00450-CV

————————————

## IN RE RELIABLE COMMERCIAL ROOFING SERVICES, INC., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Reliable Commercial Roofing Services, Inc. ("Reliable"), filed a petition for a writ of mandamus. Reliable seeks to vacate the respondent trial judge's February 27, 2015 order ("February 27th Order") denying Reliable's motion to compel the medical examination ("Medical Exam Motion") of real party in interest, Ken Presson, and the May 5, 2015 order denying Reliable's motion for

reconsideration of the February 27th Order, and seeks entry of an order granting Reliable's Medical Exam Motion in the underlying proceeding.[1]

Reliable contends that (1) the trial court clearly abused its discretion in denying Reliable's Medical Exam Motion and motion for reconsideration because Reliable satisfied the "good cause" requirement for the medical exam after Presson designated several medical doctors who might testify regarding his alleged physical injuries and his need for future medical care; and (2) Reliable lacks an adequate remedy on appeal. This Court ordered a response from Presson, which was filed, and Reliable filed a reply. We conditionally grant the petition.

## BACKGROUND

The underlying case is a personal injury suit arising from a car accident on July 15, 2013, in Harris County, Texas, between cars driven by Presson and Daniel McLaughlin. McLaughlin was driving a car in the course and scope of his employment with Reliable. Presson's First Amended Petition, the live pleading at the time of the Medical Exam Motion, was filed on October 13, 2014, against both Reliable and McLaughlin for negligence and gross negligence as to McLaughlin

---

[1] The underlying case is *Ken Presson v. Reliable Commercial Roofing Services, Inc. and Daniel McLaughlin*, Cause No. 2014-41970, in the 125th District Court of Harris County, Texas, the Honorable Kyle Carter presiding.

arising from the operation of his car, and as to Reliable as vicariously liable for McLaughlin's negligence under the doctrine of respondeat superior.[2]

In his First Amended Petition, Presson alleged that, as a result of the car accident, he suffered and continues to suffer from numerous severe physical injuries, including injuries to his face, neck, legs, shoulder, spine, chest, and head, which have required extensive medical treatment. Presson seeks, among other relief, compensatory damages for past and future medical expenses and past and future loss of earning capacity.

In his answers to Reliable's interrogatories, served on December 10, 2014, Presson stated that, among other things, he had head contusions with loss of consciousness from the accident and that he still suffers from hearing and memory loss. Similarly, Presson's response to Reliable's requests for disclosure, specifically asking for any testifying experts, which was served on December 10, 2014, stated, among other things, that he would designate experts in accordance with the court's scheduling order and the Texas Rules of Civil Procedure. However, Presson also listed two healthcare facilities and fourteen healthcare providers, including Dr. Fleming, a neurologist, as non-retained medical experts that had provided him care and treatment and who might give expert testimony regarding his alleged injuries, past and future medical treatment, diagnosis, and prognosis.

---

[2] Although there are two defendants, only Reliable filed this mandamus petition.

On January 29, 2015, Reliable filed its Medical Exam Motion, under Texas Rule of Civil Procedure 204.1. Reliable contended that it needed to conduct its own medical exam of Presson because of his alleged physical injuries from the accident and claims for future medical care, and because he had been diagnosed with a cervical and lumbar strain, depression, and post-traumatic concussion syndrome. Reliable also asserted that it needed to examine Presson because he had designated two healthcare facilities and fourteen healthcare providers as medical experts who would testify regarding their treatment of his alleged injuries and need for future care. Reliable requested that Presson submit to a neurological exam by its retained neurologist, Dr. Raymond Martin.

On February 16, 2015, Presson filed his response to Reliable's Medical Exam Motion. Presson primarily argued that Reliable had failed to show the third element of the "good cause" requirement for a medical exam—the "less intrusive means" element—as set forth in *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988). Specifically, Presson contended that Reliable had failed to show that it was not possible to obtain the desired information through "less intrusive means" than subjecting Presson to another medical exam, such as by deposing Presson's treating physicians or reviewing his medical records.

The trial court denied the Medical Exam Motion without a hearing. The trial court's February 27th Order states, in pertinent part, that "[t]he Court

4

having considered Defendant's Motion for Medical Examination, Plaintiff's Response, and the arguments of Counsel, is of the opinion that it should be DENIED in all respects."

On March 16, 2015, Reliable moved for reconsideration of the trial court's February 27th Order denying the Medical Exam Motion and requested an oral hearing. Although the February 27th Order was silent as to the basis for the ruling, Reliable claimed that because Presson's response focused on the "less intrusive means" argument, it was "presumed" that the court based its ruling on this argument. However, Reliable contended that Presson's argument that Reliable should depose Presson's doctors and review his medical records was available in every personal injury case. Thus, Reliable asserted, courts would deny every request for a medical exam, leaving no purpose for Rule 204.1, if the option to depose a party's doctors and review a party's medical records were sufficient grounds for denying such an exam.

Reliable claimed that because Presson "has already been examined by over a dozen medical providers to date and continues to [be] treat[ed] for conditions relating to an alleged closed-head injury which resulted in alleged cognitive defects, memory loss, depression and post-traumatic stress disorder, among other issues," he had put his physical condition in controversy. Reliable further contended that it had shown "good cause" for an exam by its own neurologist because (1) the exam was

relevant to issues in the case and is likely to lead to relevant evidence, (2) there is a reasonable nexus between Presson's condition and the exam sought, and (3) it was impossible to obtain the desired information through less intrusive means than a compelled exam.

On April 2, 2015, Presson responded to Reliable's motion for reconsideration, denying that Reliable had shown "good cause" for the additional examination of Presson, the first by Reliable's doctor. On May 5, 2015, the trial court held a non-evidentiary hearing on Reliable's motion for reconsideration and denied Reliable's motion.[3]

On May 14, 2015, Reliable filed this mandamus petition contending that the trial court's February 27, 2015 Order denying its Medical Exam Motion, and the May 5, 2015 Order denying reconsideration of the February 27th Order, were clear abuses of discretion because Reliable was entitled to obtain a medical exam of Presson. In this mandamus petition, Reliable contended that the trial court abused its discretion by denying its Medical Exam Motion because its motion met all three "good cause" requirements of Rule 204.1.

In its first issue, Reliable asserts that, because Presson claims to have suffered physical injuries and has expressed his intent to use expert medical testimony at trial

---

[3] No testimony was taken at the Medical Exam Motion or the reconsideration motion hearings. Thus, Reliable did not file a reporter's record for these hearings.

by designating several medical doctors who may testify regarding his alleged injuries and his need for future medical care, it is undisputed that Presson has put his own physical condition "in controversy" under Rule 204.1(c). Also, Reliable asserts that Presson's intent to use expert medical testimony to prove these injuries at trial provided Reliable with all three elements of the "good cause" requirement for the medical exam under Rule 204.1(c). Specifically, Reliable claims that it had shown that (1) the proposed neurological exam is likely to lead to relevant evidence, (2) there is a reasonable nexus between Presson's neurological condition and the neurological exam sought, and (3) it is not possible to obtain the desired information through "means less obtrusive than a compelled examination." *Coates*, 758 S.W.2d at 753.

In its second issue, Reliable asserts entitlement to mandamus relief because Reliable lacks an adequate remedy on appeal. Reliable asserts that the trial court's denial of the requested medical exam of Presson severely restricts its ability to discover facts that may contradict Presson's expert witnesses and compromises its ability to develop a defense to Presson's claims at trial.

Thus, Reliable requests mandamus relief from this Court to order the trial court to vacate its February 27, 2015 and May 5, 2015 Orders and to enter an order granting Reliable's Medical Exam Motion of Presson.

On May 19, 2015, the Court requested a response from Presson, which he filed. On May 21, 2015, Reliable filed a motion to stay the underlying proceeding, which this Court granted on June 2, 2015, pending resolution of its petition.

Reliable's reply addressed Presson's argument in his response that Reliable's mandamus argument was deficient because it did not show how the requested exam would lead to relevant information or that there was a "nexus" between a condition Presson asserts and the exam Reliable seeks. Instead, Reliable contends that Presson failed to make these new arguments below and limited his argument to the "less intrusive means" argument. In any event, Reliable asserts that its Medical Exam Motion "clearly addresses the 'relevance' and 'nexus' elements."

Next, Reliable responded to Presson's argument that Reliable's medical exam request was weakened by the fact that there may be some information in Presson's medical records that "Reliable could well find favorable and use at trial," and thus, "[t]here [wa]s no reason to compel Presson to undergo additional exams so as to obtain what could be the exact same testimony." Reliable contends that Presson's contention is unsupported and, in any event, "[t]o the extent that the opinions of the treating medical providers identified as 'potential' testifying experts may be found to undermine Presson's claims, this would have no bearing on whether Reliable is entitled to the requested medical exam."

**STANDARD OF REVIEW**

Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see also In re H & R Block, et al.*, 159 S.W.3d 127, 132 (Tex. App.—Corpus Christi 2004, orig. proceeding). In determining whether an appeal is adequate, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). A party establishes that no adequate appellate remedy exists by showing it is in real danger of losing its substantial rights. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994) (orig. proceeding). An appellate remedy is not inadequate merely because it may involve more expense or delay than an extraordinary writ. *Walker*, 827 S.W.2d at 842.

Generally, the scope of discovery is within the trial court's discretion. *In re Valero Refining – Texas, L.P.*, 415 S.W.3d 567, 569–70 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (citations omitted). The heavy burden of establishing a clear abuse of discretion is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam) (orig. proceeding) (citation omitted). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary

9

and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotation marks and citation omitted). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *Id.* at 840. A clear failure by the court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

## ENTITLEMENT TO ORDER COMPELLING MEDICAL EXAM

### A. Applicable Law

Medical or mental exams are regulated under Texas Rule of Civil Procedure 204.1, which provides in relevant part:

(a) *Motion.* A party may—no later than 30 days before the end of any applicable discovery period—move for an order compelling another party to:

(1) submit to a physical or mental examination by a qualified physician or a mental examination by a qualified psychologist; or

(2) produce for such examination a person in the other party's custody, conservatorship or legal control.

. . .

(c) *Requirements for Obtaining Order.* The court may issue an order for examination only for good cause shown and only in the following circumstances:

(1) when the mental or physical condition (including the blood group) of a party, or of a person in the custody, conservatorship or under the legal control of a party, is in controversy; or

(2) except as provided in Rule 204.4 [cases arising under Family Code Titles II or IV], an examination by a psychologist may be ordered when the party responding to the motion has designated

10

a psychologist as a testifying expert or has disclosed a psychologist's records for possible use at trial.

TEX. R. CIV. P. 204.1(a), (c).

Accordingly, "good cause" must be shown for issuance of the exams, which may be shown when the mental or physical condition of the party is "in controversy," or the party responding to the motion has designated a psychologist as a testifying expert or disclosed a psychologist's records for possible use at trial. *In re Medina*, No. 01-07-007474-CV, 2007 WL 4279171, at *2 (Tex. App—Houston [1st Dist.] Dec. 6, 2007, orig. proceeding) (mem. op.). "Good cause" for Rule 204.1(c) is shown when (1) the examination is relevant to issues in the case and that the examination will produce, or is likely to lead to, relevant evidence; (2) there is a reasonable nexus between the condition of the person to be examined and the examination sought; and (3) it is impossible to obtain the desired information through means that are less intrusive than a compelled examination. *Id.* at *2 (citing *Coates*, 758 S.W.2d at 753).

The "in controversy" requirement varies according to whether physical or mental medical exams are at issue. *In re Medina*, 2007 WL 4279171, at *2. Physical injuries have been held to be in controversy when a party (1) places the condition into controversy by employing it either in support of, or in defense of, a claim or (2) a party affirmatively shows that the condition is in controversy. *Id.* (citing *Williams v. Sanderson*, 904 S.W.2d 212, 214–15 (Tex. App.—Beaumont 1995, no writ)).

11

Mental exams are subject to a more rigorous standard due to their sensitive nature. *Id.* "If, however, a plaintiff intends to use expert medical testimony to prove his or her alleged mental condition, that condition is placed in controversy and the defendant would have good cause under Rule 167a [the predecessor to Rule 204.1]." *Coates*, 758 S.W.2d at 753; *see Laub v. Millard*, 925 S.W.2d 363, 364 (Tex. App.—Houston [1st Dist.] 1996, no writ.); *Sherwood Lane Assocs. v. O'Neill*, 782 S.W.2d 942, 945 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding).

## B.    Physical Condition in Controversy

Rule 204.1 permits a party to request a physical medical exam of another party whenever that party's physical condition is in controversy. *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 867 (Tex. App.—Dallas 2014, orig. proceeding) (quoting TEX. R. CIV. P. 204.1(c)(1)). As noted above, physical injuries have been held to be in controversy when a party (1) places the condition into controversy by employing it either in support of, or in defense of, a claim or (2) a party affirmatively shows that the condition is in controversy. *In re Medina*, 2007 WL 4279171, at *2.

Where physical injury is alleged, "there are situations, . . . where the pleadings alone are sufficient to place a party's physical condition in controversy." *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 867. For example, "a plaintiff in a negligence action who claims physical injury as the result of a party's negligence places his 'physical injury clearly in controversy and provides the defendant with

12

good cause for an examination to determine the existence and extent of such asserted injury' simply by seeking recovery for the alleged physical injury." *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 867–68 (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 119, 85 S.Ct. 234, 234 (1964) (dictum)); *see also id*. at 868 ("by asserting a physical injury and intending to use expert medical testimony to prove the injury, the plaintiff placed his physical condition in controversy.").

Here, Presson clearly put his physical condition in controversy by alleging in his First Amended Petition that, as a result of the car accident, he suffered and continues to suffer from numerous severe, physical injuries to several parts of his body which have required extensive medical treatment and by seeking compensatory damages for past and future medical expenses. Thus, Presson's pleadings alone are sufficient to place his physical condition in controversy. *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 867.

In addition, Presson's discovery responses listed two healthcare facilities and fourteen healthcare providers, including a neurologist, as non-retained medical experts who have treated him and who might give expert testimony regarding his alleged injuries, past and future medical treatment, diagnosis, and prognosis. Thus, Presson clearly expressed his intent to use expert medical testimony at trial to prove his physical and mental injuries. *See In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 868; *see also Coates*, 758 S.W.2d at 753 ("[i]f, however, a plaintiff intends to use

13

expert medical testimony to prove his or her alleged mental condition, that condition is placed in controversy and the defendant would have good cause under Rule 167a [the predecessor to Rule 204.1].").

Because Presson clearly placed both his physical and mental conditions in controversy and expressed his intent to use expert medical testimony, the trial court abused its discretion in denying Reliable's motion under Rule 204.1.

## C.    Good Cause for Exam

The Texas Supreme Court has set out three requirements for the "good cause" needed for a physical or mental exam:    (1) the movant must show "that an examination is relevant to issues that are genuinely in controversy in the case"; (2) the movant "must show a reasonable nexus between the condition in controversy and the examination sought"; and (3) the "movant must demonstrate that it is not possible to obtain the desired information through means that are less intrusive than a compelled examination," and "that the information sought is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person he seeks to have examined." *Coates*, 758 S.W.2d at 753 (citations omitted).

Even though Presson only challenged the "less intrusive" means argument, Reliable met the first two "good cause" requirements as well.  Given that Presson's First Amended Petition alleges that Reliable's employee, McLaughlin, caused physical and mental injuries to several parts of his body, Presson cannot dispute that

14

a physical or neurological exam would be "relevant to issues" that are genuinely in controversy, namely his claimed physical and mental injuries. *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 868–69 (citations omitted). Similarly, given that Presson has admitted to suffering head injuries and ongoing hearing and memory loss, and that he designated fourteen healthcare providers, including a neurologist, as potential expert medical witnesses to testify regarding Presson's alleged physical injuries and his need for future medical care, we conclude that the "reasonable nexus" between Presson's claimed injuries and Reliable's requested neurological exam is satisfied. *Id.* at 869 (citations omitted).

As for the third requirement—whether there are "less intrusive" means than an exam to obtain the information—"[i]n many cases the treating physician's notes, the medical records of the complaining party, and expert witness reports filed by other parties cannot serve these legitimate purposes" of "attempt[ing] to discover facts that may contradict the opinions of the opposing party's expert witnesses," because some of it may be drafted with attention to litigation. *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 870 (citations omitted). For example, "where the information already available through less intrusive means is inadequate, a party may obtain a physical examination for which good cause is otherwise shown." *Id.* (citing *Williams v. Sanderson*, 904 S.W.2d 212, 216 (Tex. App.—Beaumont 1995, no writ) (where an eye injury occurred two years before the alleged accident, records

of that injury would not be adequate to determine the state of vision at the time of the accident, and an eye exam would be needed)).

In this case, because Presson has stated in his First Amended Petition and discovery responses that he had already been examined by his doctors, most of Presson's medical records were produced in discovery after his Original Petition was filed and, thus, were produced for the purposes of litigation. Without a medical exam, Reliable will not have an opportunity for its own doctor to physically examine Presson and to develop evidence that might contradict Presson's medical experts at trial. *See In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 870. Thus, because Reliable has shown all three "good cause" elements required for a Rule 204.1 medical exam, the trial court clearly abused its discretion in denying Reliable's Medical Exam Motion.

## ADEQUATE REMEDY BY APPEAL

Even though this Court has held that the trial court clearly abused its discretion in denying Reliable's timely Medical Exam Motion by its doctor, as discussed above, Reliable must also show that it lacks an adequate remedy on appeal. Reliable bears the heavy burden of showing both an abuse of discretion and an inadequate appellate remedy. As noted above, in determining whether an appeal is adequate,

16

we consider whether the benefits of mandamus review outweigh the detriments. *See In re BP Prods. N. Am., Inc.*, 244 S.W.3d at 845.

In the discovery context, "a party seeking review of a discovery order by mandamus must demonstrate that the remedy offered by an ordinary appeal is inadequate." *Walker*, 827 S.W.2d at 842. The *Walker* court identified three discovery circumstances when a party will not have an adequate remedy by appeal, including: (1) "when the appellate court would not be able to cure the trial court's discovery error," such as "when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege"; (2) "where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error"; and (3) "where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court after proper request refuses to make it part of the record, and the reviewing court is unable to evaluate the effect of the trial court's error on the record before it." *Walker*, 827 S.W.2d at 843–44. A denial of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense. *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 863–64 (citation omitted).

As noted above, this is a personal injury case where Presson alleges that McLaughlin's direct negligence and Reliable's vicarious negligence caused his past physical and neurological injuries and the need for his past and future medical treatment. Further, Presson has designated fourteen healthcare providers as potential medical expert witnesses and intends to use expert medical testimony to prove his injuries and damages at trial. Thus, the trial court's denial of Reliable's Medical Exam Motion of Presson goes to the heart of Reliable's defense at trial, which involves a battle of experts. *See In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 863–64; *Sherwood Lane Assocs.*, 782 S.W.2d at 945.

Here, Reliable has shown that it lacks an adequate appellate remedy because the denial of its Medical Exam Motion falls under categories (2), compromising its ability to present a viable claim or defense at trial, and (3), where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record. *See Walker*, 827 S.W.2d at 843-44. Therefore, we conclude that the benefits of mandamus review outweigh the detriments and that Reliable lacks an adequate appellate remedy. *See In re BP Prods. N. Am., Inc.*, 244 S.W.3d at 845; *see also In re Ten Hagen Excavating, Inc.*, 435 S.W.3d at 864 (finding appellate remedy inadequate and granting mandamus relief because "[t]he denial of [Relator's] request to conduct a physical examination both severely compromises [its] ability to develop a defense to [the RPI's] claims for continued loss of use of his [leg] and for damages

18

arising from possible future surgery on his [leg] and will deny this Court the ability to evaluate the effect of the trial court's error on appeal."); *Beamon v. O'Neill*, 865 S.W.2d 583, 586 (Tex. App.—Houston [14th Dist.] 1993, no writ.) (granting mandamus relief after holding that denial of independent medical exam was abuse of discretion and relators had no adequate appellate remedy); *cf. Sherwood Lane Assocs.*, 782 S.W.2d at 945 (granting mandamus relief because "[f]undamental fairness dictates that relators' psychiatrist be allowed to examine the minor; otherwise relators will be at a severe disadvantage in the battle of experts.") (internal quotation marks and citation omitted).

## CONCLUSION

We conditionally grant the mandamus petition, lift this Court's stay issued on June 2, 2015, and direct the trial court to vacate its February 27, 2015 order denying Reliable's Medical Exam Motion and its May 5, 2015 order denying reconsideration of the February 27th Order, and to enter an order granting Reliable's Medical Exam Motion. We are confident that the trial court will promptly comply, and our writ

will issue only if the trial court does not comply within thirty days of the date of this opinion.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack, and Justices Keyes and Higley.