**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3124
_____

CHRISTINE KUMINKA,
                              Appellant

v.

ATLANTIC COUNTY NEW JERSEY; ATLANTIC COUNTY SHERIFF'S OFFICE;
OFFICER LEAP, Office of Atlantic County Sheriff;
OFFICER POUPARD, Office of Atlantic County Sheriff
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:10-cv-05233)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2013

Before:  AMBRO, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed: January 7, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Christine Kuminka appeals from the District Court's dismissal of

her complaint with prejudice.  For the following reasons, we will vacate the District

Court's dismissal order and remand for further proceedings.

I.

In January 2009, Kuminka appeared in the Atlantic County Superior Court for a bench trial in her suit against a real estate company for commissions. The Honorable Nelson Johnson ruled against Kuminka and in favor of the defendants. On February 20, 2009, Kuminka appeared at the Atlantic County courthouse even though she had no pending matter before the court. Judge Johnson, concerned because of the conduct Kuminka had displayed during the bench trial, contacted the sheriffs in the courthouse and asked them to come up to his courtroom.

Officers Leap and Poupard responded and found Kuminka in the corridor outside of Judge Johnson's courtroom. Kuminka approached them and asked for their badge numbers, which they presented. Kuminka then returned to her seat, took out a camera, and took pictures of the officers, in violation of the courthouse's prohibition on photography. She then refused to turn her camera over to the officers. Because of her behavior, the officers decided to place her under arrest. Kuminka, however, resisted arrest and twice pulled her arm out of the handcuffs, resulting in a broken left elbow.

Kuminka filed a complaint pursuant to 42 U.S.C. § 1983, alleging excessive force, due process, First Amendment, and intentional infliction of emotional distress claims. On February 6, 2013, the District Court issued an order compelling Kuminka to attend an independent medical examination ("IME") with Dr. Gary Glass in New Jersey on February 18, 2013. This order warned Kuminka that failure to attend or cooperate with

2

Dr. Glass would result in sanctions. On February 20, 2013, the defendants filed a motion to dismiss because Kuminka had failed to attend the court-ordered IME.

On April 30, 2013, the District Court issued another order compelling Kuminka to attend an IME with Dr. Glass on May 20, 2013. This order warned that Kuminka's failure to attend the IME or fully cooperate with Dr. Glass would "result in the dismissal of plaintiff's case with prejudice without the requirement of further motion by counsel." Consequently, the District Court denied the defendants' motion to dismiss. However, on May 21, 2013, the defendants notified the District Court that Kuminka had again refused to attend the court-ordered IME. Accordingly, on June 7, 2013, the District Court dismissed Kuminka's case with prejudice because of her willful refusal to attend the IME. This appeal followed.[1]

## II.

On appeal, Kuminka first asserts that the District Court abused its discretion by ordering her to attend an IME. See Washington v. Hovensa LLC, 652 F.3d 340, 348 & n.6 (3d Cir. 2011). Fed. R. Civ. P. 35(a)(1) allows a court to order a party to undergo a mental examination when that party's mental condition is "in controversy." The Supreme Court has held that this requirement is "not met by mere conclusory allegations

---

[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Kuminka filed a motion for reconsideration on July 1, 2013, and filed her notice of appeal on July 3, 2013. The District Court denied her motion for reconsideration on July 8, 2013. Accordingly, Kuminka's notice of appeal became effective as to the District Court's June 7, 2013 order dismissing her case as of that date. See Fed. R. App. P. 4(a)(4)(B)(i). However, we lack jurisdiction over the District Court's denial of Kuminka's motion for reconsideration, as

of the pleadings—nor by mere relevance to the case—but require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). The general consensus is that "'garden variety' emotional distress allegations that are part and parcel of the plaintiff's underlying claim" are insufficient to place the plaintiff's mental condition "in controversy" for purposes of Rule 35(a). Bowen v. Parking Auth. of City of Camden, 214 F.R.D. 188, 193 (D.N.J. 2003) (citing cases). Rather, a mental examination is warranted where, in addition to a claim of emotional distress, the case involves one or more of the following factors:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995). Given that Kuminka alleged a claim for damages for emotional distress and explicitly included a cause of action for intentional infliction of emotional distress in her complaint, the District Court properly concluded that her mental condition was "in controversy" for purposes of Rule 35(a). Accordingly, we cannot agree with Kuminka that the District Court abused its discretion by ordering her to attend an IME with Dr. Glass.[2]

---

Kuminka has not separately appealed it. See Fed. R. App. P. 4(a)(4)(B)(ii).

[2] Kuminka further asserts that the District Court erred by ordering her to attend the IME in New Jersey. Although she moved from New Jersey to Florida while her suit was

4

Kuminka also alleges that the District Court abused its discretion by dismissing her complaint with prejudice for her failure to attend the IME. See Liggon-Reading v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011). Generally, before dismissing a case for failure to prosecute or comply with discovery orders, a district court must first consider the six factors we set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).[3] These factors consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted).

Here, the District Court did not expressly consider the Poulis factors before dismissing Kuminka's complaint because of her failure to attend the IME. While there are situations where a district court can dismiss an action without considering the Poulis factors, see, e.g., Doe v. Megless 654 F.3d 404, 411 (3d Cir. 2011); Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994), we have required district courts "to make explicit findings

---

pending in the District Court, it was reasonable for the District Court to order her to attend an IME in New Jersey. Kuminka chose to file suit in New Jersey and alleged that her injuries occurred there; accordingly, she cannot "complain[] that [s]he should not [have] be[en] examined in [that] forum." Pierce v. Brovig, 16 F.R.D. 569, 570 (S.D.N.Y. 1954) (alterations in original).

[3] The District Court did not specify whether its dismissal was pursuant to Fed. R. Civ. P. 37(b) or Fed. R. Civ. P. 41(b), but Poulis generally applies in either case. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013).

concerning the factors" they considered in ordering dismissal where it will facilitate our ability to review their exercise of discretion. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987); see also Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) (citation omitted) (noting our function is to determine whether the district court properly balanced the Poulis factors and whether the record supports its findings). Because the District Court's consideration of each factor is not apparent from the record before us, we will vacate the dismissal order and remand to the District Court for consideration of the Poulis factors.[4]

## III.

For the foregoing reasons, we will vacate the dismissal order and remand for consideration of the Poulis factors.

---

[4] On December 9, 2013, Kuminka filed in this Court a letter that has been construed as a motion to clarify the Clerk's order of November 25, 2013. That order denied Kuminka's motion for leave to file a supplemental appendix and exhibits. We deny her motion to clarify because the documents she seeks to submit are not relevant to this appeal.